## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. CITY OF JUNCTION.

### No. 8959.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 21, 1932.

Collins & Houston, of Dallas, for appellant.

Stevenson, Baker & Knetsch, of Junction, for appellee.

FLY, C. J.

The city of Junction sued the insurance company on a bond given by John S. Munn, as principal, and appellant as surety. Munn was described in the policy as city secretary, tax assessor, and tax collector. The holder of the three offices, the Foobah of Junction city, in the language of the comic opera Mikado, became a defaulter, it was alleged in the petition in the sum of $2,089.56. It was also alleged that certain papers and documents belonging to appellee of the value of $2,500 were lost or destroyed by said Munn, and appellee also sought a recovery of said sum in addition to the sum of $2,089.56 prayed for as embezzled money. The court rendered a judgment against Munn and the insurance company. The judgment was rendered on February 29, 1932, being on Monday of the third week of the court. Appellant had filed an answer in the suit on February 19, 1932. On February 9, 1932, appellant's counsel wrote the attorneys of appellee as to a setting of the case and received the following letter from them:

"Junction, Texas. February 12th, 1932.
"Collins & Houston, 1214 Fidelity Union Building, Dallas, Texas.
"Gentlemen: In re: City of Junction vs. Munn, et al. Replying to your letter of February 9th, addressed to our firm, with reference to the above styled case, will say that we are very anxious to try this cause at the February term of the District Court of this place. Our court convenes on February 22nd, and continues for three weeks. As a usual thing the first week is used in the trial of criminal cases and a portion of the second week. For your convenience, we might agree on a setting toward the latter part of the second week.
"You may let us hear from you.
"Yours very truly,
"Stevenson, Baker & Knetsch
"By Weaver H. Baker."

On February 18th, appellant's attorneys, in answer to that letter, suggested that the case be set on Friday, March 4th, which was in the latter part of the second week of the court, which began on February 22d. The request for setting the case for March 4th was in line with the letter of appellee's attorneys' letter that the case be set for the latter part of the second week of court. Appellee's attorneys claimed that they did not receive the letter of February 18th, which one of the attorneys for appellant swore that he mailed in Dallas on that date at the same time that he mailed a letter containing the answer of appellant to the district clerk of Kimble county, who received and filed the answer on February 19th. On February 29th, not hearing from appellee, appellant's attorneys telephoned appellee's attorneys to ascertain the date on which the cause would be set for trial and was informed that the case was being tried at that time. The case had been placed on trial; no notice of any kind was given of the trial of the case at a date earlier than that suggested by appellee. It was too late for appellant's attorney to reach Junction in time to participate in the trial of the case after the trial had begun. The attorneys for appellee must have known that the case would be called for trial on February 29th for they lived in Junction, and were thoroughly acquainted with the docket. We infer that preparation was made to try the case because the witnesses must have been notified, and we know from the statement of facts that six witnesses testified, two of whom lived in San Antonio, more than one hundred miles away. While making these preparations for trial on a certain date, the attorneys for appellant might have been notified, and justice demanded that notice should have been given the Dallas attorneys. Appellee could not control the setting of cases, as is contended in the brief, but its attorneys could have notified the attorneys for appellant, or, as a last resort, continued the case to another term, rather than to prematurely have tried the case under the representations made to the Dallas attorneys. Appellant, through no fault of its own, has not had a day in court, and the circumstances demand that it should have that day.

The judgment is reversed and the cause remanded.