## INTERSTATE MINERALS, Inc., v. SCHLUMBERGER WELL SUR-VEYING CORPORATION.

### No. 9780.

Court of Civil Appeals of Texas. Austin.

March 30, 1949.

Rehearing Denied April 13, 1949.

Neil E. Beaton, of San Antonio, for appellant.

H. L. Platter, of Houston, and H. A. Triesch, of New Braunfels, for appellee.

GRAY, Justice.

Appellant presents this appeal from a judgment of the trial court overruling its motion to vacate a judgment of that court in favor of appellee and against appellant, and for a new trial.

Appellee sued appellant in Harris County on a sworn account, appellant filed its plea of privilege to be sued in Comal County and, as a part of such plea, filed a plea of non est factum. The plea of privilege was controverted and the hearing thereon was, from time to time, continued during which time depositions were taken. After the lapse of about three years and on November 1, 1946, the cause was transferred to the district court of Comal County. Appellant did not file a further answer but further depositions were taken on agreements waiving formalities of obtaining commissions, etc. On August 21, 1948, appellee, by an attorney who had not prior to that time appeared as an attorney of record, obtained a judgment in its favor and against appellant. Appellant's attorney first learned of this judgment on Friday, September 10, 1948, and on Monday, September 13, 1948, he filed a motion to vacate the judgment and for a new trial. Said motion alleged that the cause had been continued in keeping with an agreement of attorneys for appellant and appellee that the cause would be set for trial on a date mutually satisfactory to said attorneys; that the depositions taken fully disclosed appellant's defense to appellee's cause of action; further alleged a meritorious defense to appellee's suit; alleged it was ready for trial on the merits, and tendered for filing its answer. The term of court at which the judgment was rendered and the motion to vacate was heard did not expire until December 4, 1948.

At the time of the filing of the suit and after its transfer to Comal County, appellant was represented by an attorney residing at San Antonio and appellee by attorneys residing at Houston. It does not appear from the record that the attorney who procured the judgment for appellee had any knowledge of any communications between attorneys relative to a setting of the cause prior to the filing of the motion to vacate the judgment.

At the hearing on the motion to vacate the judgment, appellant introduced testimony showing that the first information ap-

pellant had that a judgment had been taken against it was on September 10, 1948, when, by accident, appellant's former secretary-treasurer, while at the court house in Comal County, learned from the district clerk that the judgment had been taken August 21. This information was immediately phoned to appellant's attorney at San Antonio, who prepared and filed the motion on Monday, September 13.

In support of its alleged meritorious defense, appellant called, as a witness, its former secretary-treasurer who testified that none of the written instruments constituting the basis of appellee's cause of action were signed by appellant or by any person authorized by it to sign or execute such instruments, and that appellant had no notice or knowledge of such instruments prior to the filing of the suit. There was, also, introduced in evidence agreements waiving formalities for taking depositions, and three letters from appellee's attorneys written on appellee's stationery. The first of said letters reads:

"Schlumberger Well Surveying
Corporation
" 'Electric Well Logging'
"Houston, Texas,
"November 25, 1946.
"Mr. Neil E. Beaton
"Attorney at law
"Milam Building
"San Antonio 5, Texas.
"Re: Schlumberger Well Surveying Corporation vs. Interstate Minerals, Inc.
"Dear Sir:
"The Order in the above case was filed with the Clerk today, and apologies are due you for the delay. I have been out of town, and through oversight, filing was overlooked during my absence.

"We have found it necessary to take additional depositions in the case since several of the witnesses will be unable to attend the trial.

"Enclosed are the original and duplicate for your files of Agreement Waiving Formalities of Obtaining Commission to which are attached copies of the Interrogatories for Elliott A. Johnson. Please execute the agreement and return with your cross interrogatories, if any.

"We will advise you as soon as possible if other depositions are to be taken, in order that we may agree upon an approximate date for setting the trial.
"Yours very truly,
"/S/ H. C. Wells."

Another letter, dated January 2, 1947, reads, in part:

"We believe that no more depositions will be necessary and would like to talk over with you the setting of the case for trial in order that we might work out a date satisfactory to all. We would appreciate your suggestions, as well as those of Mr. Schleyer, since he is probably best acquainted with the condition of the court docket."

Another letter, dated April 4, 1947, inquired whether or not the case had been set. Appellant's attorney answered this letter on April 17, saying a setting would be arranged as soon as it could be done "with mutual satisfaction." Appellant's attorney testified that after this letter (April 17) he had a telephone conversation with appellee's attorney wherein he advised said attorney that a setting could probably be had at any time agreeable to him; that the said attorney first said, "let it go until fall," and then said New Braunfels is a nice place to go in the summer time. And that no further communications or correspondence was had.

Appellee offered no evidence to dispute the letters or the telephone conversation.

We are of the opinion the evidence is sufficient to show some excuse on the part of appellant for having failed to file an answer and to present its defense at the trial, and, also, is sufficient to relieve its attorney of a charge of wilful neglect and conscious indifference. Since appellant was ready to present his alleged meritorious defense no delay and injury would result to appellee. These facts bring the case within the rule announced by the Commission of Appeals for the guidance of trial courts in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126. As there stated the rule is:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to an-

**606**

swer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

It is therefore our opinion that the judgment of the trial court must be reversed and remanded with instructions that the judgment in favor of appellee and against appellant be vacated and the cause reinstated on the docket for disposition in regular order.

The judgment of the trial court is reversed and remanded with instructions.

Reversed and remanded with instructions.