**Joe B. COLLEY, Appellant,**

v.

**Rita COLLEY, Appellee.**

**No. 13084.**

Court of Civil Appeals of Texas, Austin.

March 19, 1980.

31

Joel B. Mitchell, Austin, for appellant.

John F. Campbell, Lawrence J. Morgan, Campbell & Davidson, Austin, for appellee.

SHANNON, Justice.

In 1976, after eight years of marriage, appellee Rita Colley filed suit for divorce against appellant Joe B. Colley in the district court of Travis County. After trial to the court, judgment was entered on April 12, 1979, granting the divorce, appointing conservators of the couple's minor child, ordering appellant to pay child support, and dividing the property of the parties. We will affirm the judgment.

Appellant does not complain of that part of the judgment granting the divorce, appointing conservators for the child, and ordering appellant to pay child support. Appellant does complain of the division of the property of the parties. Appellant claims primarily that there is no evidence, or alternatively, there is insufficient evidence to support the division of the community property in favor of appellee.

All of the parties' property was community, and the judgment details the division of such property. Appellee received the Sam Bass Apartments located in Round Rock, a building in Taylor, household furnishings

and fixtures, two automobiles, and other personalty. Appellant received certain lots and improvements in Travis and Hays Counties, household furnishings and fixtures, horses, dogs, and other personalty. Without dispute, the Sam Bass Apartment house was the most valuable property owned by the parties. Appellant claims in his brief that appellee received by the judgment assets vastly disproportionate in value in relation to the value of the assets awarded him. Appellant also claims that appellee's earning capacity is greater than his. Appellant's claim is correct insofar as it states that appellee received assets of greater value than those received by appellant.

With respect to the power of the divorce court to divide the property of the parties, Texas Family Code § 3.63 (1975), provides that the court shall divide the property ". . . in a manner that the court deems just and right, having due regard for the rights of each party . . ." The well established rule is that the divorce court is not required to divide the property equally between the parties. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). It is presumed that the divorce court properly exercised its discretion in the division of the property, and its judgment will not be reversed unless there was a clear abuse of discretion. *Bell v. Bell*, 513 S.W.2d 20 (Tex. 1974); *Dickson v. Dickson*, 544 S.W.2d 200 (Tex.Civ.App.1976, writ dism'd w. o. j.).

Appellant did not request, and the divorce court did not file, findings of fact and conclusions of law. Accordingly, the judgment of the divorce court will be affirmed if it can be sustained on any legal theory supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962).

Evidence obtained from examination of appellant cast doubt upon his claim that he had fully and fairly accounted for all of his property interests. After the parties' separation, appellant lived with his girl friend, C. K. McBee. They live in a substantial brick house situated on eight acres located in Bastrop County. Several vehicles are

kept at the house. Appellant testified that Miss McBee owns the house, land, and vehicles. Before he drives one of the vehicles, he always requests and obtains permission from Miss McBee. Appellant denied ownership interests in the property even though he admitted that he makes payments to the savings and loan association that financed the purchase of the real estate; that he makes the payments on some of the vehicles; that he pays for insurance coverage on the house and some of the vehicles; and that he bought licenses plates for at least one of the automobiles. Appellant testified that he frequently purchased lumber, fencing, and cement for building improvements on the real estate. He admitted that he and his girl friend McBee "traded money continuously."

The statement of facts shows that appellant was an uncommonly balky and evasive witness. It is obvious that the divorce court, as was its right, did not believe appellant's testimony. *Harrell v. Sunylan Co.*, 128 Tex. 460, 97 S.W.2d 686 (1936). The divorce court must have concluded that appellant had not accounted fully for all of his property interests. Upon that basis, alone, the judgment weighted in favor of appellee, may be affirmed.

At trial time, the couple's child was about thirty months old. Appellant testified on deposition that he had never seen his child, that he desired never to see the child, and that he preferred not to make child support payments. Appellant did not pay any of the medical or hospital expenses incurred at the birth of the child, nor had he voluntarily contributed to the child's support. Nevertheless, at trial, appellant testified that he had undergone a change of heart and that, henceforth, he was going to take an interest in the child and care for him. The divorce court, of course, was not required to believe appellant's last minute recantation. The court must have concluded that appellee had no reasonable expectation that appellant would be faithful in his financial responsibilities to his child and that appellee must be prepared financially, in that event, to provide and care for the child.

There has been no showing under this record that the court abused its discretion in the division of the property. The judgment is affirmed.

SMITH, J., not sitting.