Mary Dorothy STITCHER, Appellant,

v.

George Burnett STITCHER, Appellee.

No. 1424.

Court of Civil Appeals of Texas, Tyler.

April 23, 1981.

Ebb B. Mobley, Longview, for appellant.

Jerry Hill, Longview, for appellee.

McKAY, Justice.

This is a divorce case in which both the husband and the wife filed separate suits for dissolution of their marriage. Each petitioner alleged the marriage was insupportable, the necessary residence requirements, and that there were no children born to the parties or adopted by them.

The petition of the husband was filed September 25, 1979, in Cause No. 79–1910, while that of the wife was filed September 26, 1979, in Cause No. 79–1928. The husband alleged that community property accumulated during the marriage consisted of a three-bedroom house with furniture and furnishings, and a 1974 Chevrolet Caprice and a 1974 Ford pickup truck. The wife alleged only that "the parties have accumulated certain community property" and requested the court to make a fair division of such property."

On January 7, 1980, the case was called for trial, and the court announced that cause number 79–1910, was before the court for final hearing, that Mrs. Stitcher was present with her attorney Earl Tate, and that Mr. Stitcher was not present but was represented by attorney Peppy Blount. Mrs. Stitcher testified that she had been a resident of the state the preceding six months and of the county for the preceding 90 days and that the marriage had become insupportable because of discord and conflict of personalities without any possibility of reconciliation.

The court then announced that the two cases had been consolidated and that he would make identical entries in each case "and you can put both numbers at the top of the judgment."

Attorney Tate then orally outlined into the record a purported agreement for division of the community property:

MR. TATE: The agreement would be basically as follows which will be presented to you this afternoon, Judge. The following community indebtedness will be paid out of the proceeds of the home located at 202 Bernice Street after the back payments are credited against Mr. Stitcher's portion of the equity.

MR. BLOUNT: Which is 1.

MR. TATE: Which to my understanding at this time is 1, but whatever it is, whenever. Entex Incorporated debt is to be paid by Mr. Stitcher. Out of the proceeds of the sale the Sears debt, the Bealls Department Store debt will be paid. The 1974 pick up debt at East Texas Bank & Trust is to be paid by Mr. Stitcher. And any debts not mentioned in this agreement will be the responsibility of Mr. Stitcher. Mr. Stitcher will be awarded the following property, one power saw, one c b radio, one weed eater, one wheel barrow, one tiller, one mower, one zenith color television set, one RCA color television set, one freezer, one patio table and the chairs that go with it. Mrs. Stitcher will be awarded one chair, one black and white portable television, washer and dryer, refrigerator, dining room and 6 chairs, dining room table and 6 chairs, one rocker, one ottoman, one stereo, one king sized bed, one sofa, one sewing machine, miscellaneous linens and towels, one micro-wave oven, and one blender. Also agreed upon is that any retirement plan or benefit plan vested in Mr. Stitcher at this time will be his sole and separate property and not be claimed by Mrs. Stitcher. Also any property not specifically mentioned in this agreement shall be the property of whoever owns the title at that time.

THE COURT: In possession or under control?

MR. TATE: Yes sir.

THE COURT: Ok, is that your agreement Mrs. Stitcher?

MRS. STITCHER: Yes sir.

THE COURT: You think it's fair, just and equitable to both of you and want me to approve it?

MRS. STITCHER: Yes sir.

THE COURT: Mr. Blount is that on behalf of Mr. Stitcher, is that the agreement?

MR. BLOUNT: Yes.

THE COURT: Ok, now, I got these 2 files here and what I'm going to do in 17, 79–1928 I've already consolidated it with 79–1910, draw the judgment in 79–1910.

MR. TATE: Alright sir.

THE COURT: Is the earlier number. And I need some kind of a little written order for 79–1928 that consolidates it forward or back to 79–1910.

MR. TATE: Alright sir.

THE COURT: In 79–1910, I'll grant the divorce and approve the agreements.

MR. TATE: Thank you, your honor.

THE COURT: Yes sir.

MR. BLOUNT: One, one other question. We were going to have as a contractual consideration and I didn't, maybe I didn't hear it right for no, no, for no claim to be made on any, any

MR. TATE: Retirement.

MR. BLOUNT: Retirement benefits, that Mrs. Stitcher was to receive what, Earl?

MR. TATE: She is, well, Mr. Stitcher is to assume the obligation on the note at East Texas

MR. BLOUNT: East Texas

MR. TATE: Or at Entex.

MR. BLOUNT: Alright, that's, that's the consideration.

MR. TATE: That's in consideration for her not making any claims against his retirement.

MR. BLOUNT: Alright, ok, that's what I wanted to know, and she

MR. TATE: Mr. Blount will prepare these orders.

THE COURT: That's part of it, Mrs. Stitcher?

MRS. STITCHER: Uhmuhm.

MR. BLOUNT: And an equal division of, of the proceeds of the sale less those things that we said were, had to come out of it.

THE COURT: Alright.

MR. BLOUNT: Ok, alright.

THE COURT: The divorce is granted and the agreement is approved and hearing is adjourned.

On January 13, 1980, Mr. Stitcher died. On January 17, 1980, Mrs. Stitcher filed her motion for new trial, and amended it on February 6, 1980. This motion was overruled by operation of law. On April 3, 1980, motion for judgment nunc pro tunc was filed on behalf of Mr. Stitcher asking the court to correct certain portions of the divorce decree, and on April 7, Mrs. Stitcher filed her motion to vacate judgment. The trial court did not act on these motions.

There are no findings of fact nor conclusions of law.

▮ Appellant's one point complains that there is no evidence to support the division of property itemized in the judgment. In passing upon a no evidence point we must consider only the evidence favorable to the issue and disregard all evidence or inferences to the contrary. *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916, 918 (Tex.1978).

▮ Appellant points out that the judgment recites that Mr. Stitcher was present in court when in fact it is shown by the record he was not present. The further claim is made that the making of a record of the testimony was recited in the judgment as waived when in fact it was not waived but was recorded by the court reporter. We think these discrepancies are of no significance. However, the judgment also recites that:

"It is further ordered that the Entex, Inc. bill and the note owing East Texas Bank and Trust shall be and are assumed by Petitioner, George Burnett Stitcher, in full settlement and in consideration for Respondent, Mary Dorothy Stitcher, relinquishing, releasing and agreeing not to

make any claim against any and all *insurance*, pensions, retirement benefits, and other benefits arising out of Petitioner's employment." (Emphasis added)

An examination of the record reveals that there was nothing concerning insurance stipulated or testified to by Mrs. Stitcher. As a result, whatever the rights of the parties were with respect to insurance should not have been changed or disturbed by the judgment.

Appellant also points out that the judgment provides that any income tax refund should be divided equally between the parties, but there was no evidence upon which such could be based. We see no harm by such provision in the judgment since it would appear that such result would probably be effected as a matter of law.

Mrs. Stitcher testified to grounds for divorce, and the manner in which the property division was stipulated and agreed to by Mrs. Stitcher complied with Tex.R. Civ.P. 11. *Austin v. Austin*, 603 S.W.2d 204, 207 (Tex.1980). The stipulation was made in open court and appears in the statement of facts, which is signed by both counsel and is part of the record. A stipulation is regarded as a contractual agreement, and a court will not construe a stipulation to effect admission of something not intended or to waive a right not plainly agreed to be relinquished. *Jackson v. Lewis*, 554 S.W.2d 21, 24 (Tex.Civ.App.-Amarillo 1977, no writ).

There is nothing in the record indicating that Mrs. Stitcher stipulated or agreed that she relinquished or released or agreed not to make any claim for any and all insurance. Appellee suggests that insurance could be considered a "benefit" plan. We disagree. The stipulation was that she would not make a claim "against his retirement." The record is void of any stipulation or agreement Mrs. Stitcher would not claim "any and all insurance," even though her then attorney approved the judgment.

When a divorce decree fails to provide for a division of all the community property, the husband and wife become tenants-in-common or joint owners of such property. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970).

The record does not disclose whether there was insurance and, if so, what the nature of such insurance was. However, we hold there was no evidence to support a judgment that Mrs. Stitcher released or relinquished any and all claims to any insurance. The judgment of the trial court is reformed to delete any reference to the release or relinquishment of any claim to any insurance, and as reformed, the judgment is affirmed.