Israel RODRIGUEZ, Appellant,

v.

Patricia Ann RODRIGUEZ, Appellee.

No. B2503.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 29, 1981.

Michael M. Phillips, Angleton, for appellant.

Robert J. Gibson, Sr., Davis, Russell & Halick, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

Israel Rodriguez appeals from the trial court's judgment entered in favor of Patricia Ann Rodriguez. We affirm.

The nature of this case is a contested divorce suit and a determination of conservatorship. The suit was filed by Israel Rodriguez (appellant), and the trial was by jury. Besides a division of the community property, the court in its judgment held: (1) Israel Rodriguez shall be managing conservator and Patricia Rodriguez (appellee) possessory conservator; (2) no child support

payments are required; (3) Patricia Rodriguez is to pay the guardian ad litem fee of $7,500.00 as costs; and (4) each party is to pay his or her own attorney's fees in such amounts as found by the jury (Patricia Rodriguez—$38,100.00; Israel Rodriguez—$26,000.00); and (5) each party is to pay his own court costs as individually incurred. The sole issue before this court is whether the trial judge abused his discretion in ordering the costs of court and attorney's fees to be paid by each party as individually incurred.

As to the costs of court, "the court may award costs to any party as it deems reasonable." Tex.Fam.Code Ann. § 3.65 (Vernon 1975). Here, each party was ordered to pay their own court costs. We hold the trial judge was authorized to order the parties to pay their respective court costs and in so doing did not abuse his discretion.

As to attorney's fees, appellant would have us hold the trial judge erred in not taxing appellant's attorney's fees against appellee as costs of court. The trial judge is authorized to assess attorney's fees in this manner but is not required to do so. The Tex.Fam.Code Ann. § 11.18(a) (Vernon 1975) specifically provides that in a suit affecting the parent-child relationship (as exists here), "[r]easonable attorney's fees *may* be taxed as costs . . . ." (emphasis added). Alternatively, the trial judge may decline to treat the fees as costs of court, but simply treat attorney's fees as part of the overall division of the marital estate. "The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances." *Carle et al v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1951); *See Grandinetti v. Grandinetti*, 600 S.W.2d 371 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Therefore, the trial judge was authorized to order attorney's fees paid by the party incurring the same. Being so authorized, we must determine whether the court's order in this regard was of such nature as to be an abuse of discretion.

The Tex.Fam.Code Ann. § 3.63 (Vernon 1975) provides the general rule as to how the trial judge is to divide the estate of the parties upon divorce: "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." It is the rule in Texas the trial judge has wide discretion in dividing the property as he deems "just and right" and that discretion will not be disturbed on appeal unless it has been clearly abused. *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974); *Colley v. Colley*, 597 S.W.2d 30 (Tex.Civ.App.—Austin 1980, no writ); *Fleming v. Fleming*, 595 S.W.2d 199 (Tex.Civ.App.—Waco 1980, no writ); *Kuehn v. Kuehn*, 594 S.W.2d 158 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ). In addition, where a divorce suit is submitted to the jury, the verdict as to dividing the estate of the spouses is advisory only and the trial court may in its discretion disregard jury findings and divide the property in such manner as seems just and right under facts as they appear to the court. *Cockerham v. Cockerham*, 514 S.W.2d 150 (Tex.Civ.App.—Waco), *rev'd in part on other grounds*, 527 S.W.2d 162 (Tex.1975); *Hopkins v. Hopkins*, 540 S.W.2d 783 (Tex. Civ.App.—Corpus Christi 1976, no writ). It is apparent from the terms of the judgment, the trial judge took into account the findings of the jury as to the amount of attorney's fees in making his division of the marital estate and in so doing did not abuse his discretion.

Accordingly we overrule appellant's point of error.

Affirmed.