John Henry MORRIS, Jr., Appellant,

v.

Linda Marie MORRIS, Appellee.

No. 14650.

Court of Appeals of Texas,
Austin.

Sept. 17, 1986.

Richard R. Orsinger, Heard, Goggan & Blair, San Antonio, for appellant.

Ray Grill, Austin, for appellee.

Before SHANNAN, C.J., and EARL W. SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

John Henry Morris, Jr., appeals from a default judgment of the district court of Hays County in favor of Linda Marie Morris. This Court will affirm that part of the default judgment granting the divorce and will reverse that part of the judgment dividing the estate of the parties and will remand the cause for a new determination as to the division of the estate of the parties.

Appellee sued appellant for divorce. Although properly served, appellant failed to file an answer or otherwise appear, and the trial court entered a default judgment. Appellant timely filed a motion for new trial, which the trial court overruled after a hearing. Appellant then brought this appeal.

By his second point of error, appellant challenges the trial court's jurisdiction to enter the default judgment claiming there is no evidence, or alternatively insufficient evidence, to establish that either party had been, at the time the divorce was filed, a domiciliary of Texas for the preceding six-month period and a resident of Hays County for the preceding ninety-day period as required by Tex.Fam.Code Ann. § 3.21 (1975). At the divorce hearing appellee established only that, prior to filing for divorce, she had lived in Texas for ninety days and that she was a resident of Hays County for thirty days. The petition itself, however, properly alleges the requisite facts regarding appellee's residence and domicile.

■■■ The residency and domicile requirements contained in the statute are not jurisdictional, but merely provide the necessary residential qualifications for bringing a divorce action. *Aucutt v. Aucutt*, 122 Tex. 518, 62 S.W.2d 77 (1933); *Svensen v. Svensen*, 629 S.W.2d 97 (Tex.App.1981, no writ); *Scott v. Scott*, 554 S.W.2d 274 (Tex. Civ.App.1977, no writ); *Schreiner v. Schreiner*, 502 S.W.2d 840 (Tex.Civ.App. 1973, writ dism'd). And as a general rule, no evidence is required to support a default judgment because the defendant's failure to appear or answer is taken as an admission of the allegations in the plaintiff's petition. *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d 283, 287 (Tex.App. 1983, no writ); *Watson v. Sheppard Federal Credit Union*, 589 S.W.2d 742, 744 (Tex. Civ.App.1979, writ ref'd n.r.e.). Although proof of jurisdictional allegations in a petition is required to show service of process, *Gourmet, Inc. v. Hurley*, 552 S.W.2d 509, 513 (Tex.Civ.App.1977, no writ), we hold that the general rule applies with regard to the residence and domicile requirements of § 3.21, *supra*. Appellant's failure to appear or answer is taken as an admission of the allegations in appellee's petition regarding residence and domicile. Appellant's second point of error is overruled.

By his first point of error, appellant contends that the trial court erred when it overruled his motion for new trial because the motion and evidence presented in its support established that his failure to appear for trial was not intentional or the result of conscious indifference, but was due to mistake or accident, that he had a meritorious defense to the lawsuit, and

that a new trial would not prejudice appellee.

■ The rules which govern the consideration of a motion for new trial to set aside a default judgment are well defined. A default judgment should be set aside and a new trial ordered in any case in which (1) the failure of the defendant to answer before judgment was not intentional, nor the result of conscious indifference, but was due to a mistake or accident; (2) provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

Appellant was served on October 3, 1985, and appearance day was the 28th of that month. Appellant asserts that he did not file an answer because on October 5, 1985, he and appellee entered into a property settlement agreement. On that day the parties met at the Green Parrot Bar in San Marcos along with John Leo Wagner, a mutual friend and an Oklahoma attorney who had agreed to serve as mediator. According to appellant, Wagner took notes of the discussion in order to draw up a formal agreement. Appellant contends that all property questions were settled at this meeting and that the parties agreed that the divorce decree would reflect the agreement. Appellant asserts that the parties effectuated part of the agreement at that time in that they exchanged automobiles, and appellee transferred to appellant a gold chain and wedding ring. Appellant explains that, based on his belief that the agreement reached by the parties would be made part of the divorce decree without change, he did not file an answer or appear in this cause. Appellee responds that, while a tentative agreement was reached at the October 5 meeting, she never gave her final approval to the proposed agreement. According to appellee, appellant was aware of his need to file an answer and appear if the settlement agreement was not filed in the court prior to appearance day, and since he knew she had not even received,

much less signed, the proposal, his failure to answer or appear was intentional or at least the result of conscious indifference.

The *Craddock* test is met when the failure to file an answer results from the defendant's reliance upon acts or statements of the plaintiff, or upon an asserted agreement between the parties. *See Interstate Minerals, Inc. v. Schlumberger Well Surveying Corp.*, 219 S.W.2d 604 (Tex.Civ. App.1949, no writ); *Metropolitan Casualty Ins. Co. v. City of Junction*, 55 S.W.2d 655, 656 (Tex.Civ.App.1932, no writ). This Court is of the opinion that the evidence is sufficient to show some excuse on the part of appellant for having failed to file an answer or appear at trial.

The rule in *Craddock v. Sunshine Bus Lines, Inc., supra,* was restated and explained by the Supreme Court in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). Concerning the requirement that the defaulting defendant must set up a "meritorious defense," Chief Justice Calvert carefully explained that the rule in *Craddock v. Sunshine Bus Lines, Inc., supra*, 133 S.W.2d at 124, does not:

require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it *"sets up* a meritorious defense." In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial. [Emphasis in original]

■ The only relief which a defaulting defendant may obtain by filing a motion for new trial is a setting aside of the default judgment. After the default judgment is set aside, the suit pends on the trial court's docket for trial on the merits.

In *Ivy v. Carrell*, 407 S.W.2d at 214, Chief Justice Calvert emphasizes the specific language of *Craddock*:

a new trial should be granted to a defaulting defendant if his motion *"sets up* a meritorious defense." This does not mean that the motion should be granted

if it merely *alleges* that the defendant "has a meritorious defense." The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. [Emphasis in original]

In general, a "meritorious defense" has been defined as "a showing [of facts] which, if true and unexplained, would change the result on a subsequent trial." *Holliday v. Holliday,* 72 Tex. 581, 10 S.W. 690, 692 (1889); *Cragin v. Henderson County Oil Development Co.,* 280 S.W. 554 (Tex.Comm.App.1926, jdgmt adopted); *Baen-Bec, Inc. v. Tenhoopen,* 548 S.W.2d 799 (Tex.Civ.App.1977, no writ); *Farley v. Clark Equipment Co.,* 484 S.W.2d 142 (Tex.Civ.App.1972, writ ref'd n.r.e.).

The motion for new trial alleges as a meritorious defense that the property division in the divorce decree is substantially less advantageous to appellant than the parties' agreement and that certain community assets which both parties intended to go to appellant, such as appellant's retirement benefits, were not mentioned in the decree, making them the property of each party in one-half shares as undivided community property. *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970). The motion for new trial plainly alleges "facts which in law would constitute a defense to the cause of action asserted by the Plaintiff." *Ivy v. Carrell, supra.*

The third prong of the test set out in *Craddock, supra,* is satisfied by a statement by the party moving for new trial, and supported by affidavit, that the movant is ready to go to trial and will reimburse the other party for the costs and expenses of obtaining the default judgment. *Strackbein v. Prewitt,* 671 S.W.2d 37 (Tex.1984). Appellant's motion, supported by affidavit, meets this requirement.

■ Appellant's motion for new trial, his affidavit, and the evidence presented in support thereof at the hearing meet the requirements of *Craddock, supra;* therefore, the trial court erred in denying the motion for new trial. Appellant's first point of error is sustained. Because of our disposition, we do not reach the other points raised by appellant.

That part of the default judgment granting the divorce is affirmed and that part of the judgment dividing the estate of the parties is reversed and the cause remanded for a new determination of the division of the estate of the parties.