**Edith P. McCASKILL, Appellant,**

v.

**Norman Ray McCASKILL, Appellee.**

**No. 13–87–540–CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1988.

Rehearing Denied Dec. 30, 1988.

John A. George, Fly, Moeller & Seel, Victoria, for appellant.

James A. Smith, Smith & Hood, Port Lavaca, Lanette Smith Joubert, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Edith McCaskill appeals from her divorce from Norman McCaskill. Appellant complains that the entire divorce should be reversed and remanded because there was insufficient evidence to prove the ground for divorce or to show that the trial court had jurisdiction or venue. She also complains that the trial court's division of the marital estate was not just and right.

Appellant originally brought suit for divorce. In her first amended petition, filed on November 11, 1985, she alleged the required domicile and residence on her part, the date of the marriage and the date she ceased to live with appellee. As grounds for divorce, she alleged appellee's cruel treatment toward her and his having committed adultery.

On November 18, 1985, appellee answered these allegations by a general denial and the defense of condonation with a reasonable expectation of reconciliation. Appellee, however, also counterclaimed for divorce on the grounds of insupportability and cruel treatment by the appellant. Ap-

pellee therein alleged the required domicile and residence on his part, the date of the marriage and the date he ceased to live with appellant.

On December 30, 1985, appellant filed an answer to appellee's counterclaim denying all allegations of the counterclaim, except the date of the marriage and the date the couple ceased to live together, and that they had two children.

On August 17, 1987, the case was tried. Appellant's attorney informed the court that the parties had reached an agreement and read that agreement to the court in the presence of the parties. The agreement, which both parties acknowledged and asked the court to accept, provided for a certain division of the property and joint managing conservatorship of the minor child. The trial court at that time agreed to grant the divorce in accordance with the agreement.

A final decree of divorce was rendered on September 18, 1987. In the decree, the trial court found that it had jurisdiction over the cause and the parties, that 60 days had elapsed since the suit was filed, and that the petitioner had been a domiciliary of the State for the preceding six months and resident of the county for the preceding 90 days. The decree grants the divorce without specifying a ground, provides for child support, custody and visitation, and divides the marital estate.

Appellant filed a motion for new trial in which she complained that the settlement agreement was invalid for a number of reasons, including that: she was under duress at the time she entered into the agreement; she revoked the agreement before final judgment was entered; the agreement did not dispose of all issues in the case, including the grounds of divorce; and the final judgment differs from the terms agreed upon at the hearing.

In her first and second points of error appellant challenges the sufficiency of the evidence to show the grounds upon which the divorce was granted. Appellant plead insupportability and cruelty as grounds for divorce from appellee. The trial court subsequently granted a divorce without receiv-

ing evidence or specifying the grounds it relied upon to authorize the divorce.

Admissions in trial pleadings are regarded as judicial admissions in the case in which that pleading is filed, require no proof of the admitted fact and authorize the introduction of no evidence to the contrary. *Houston First American Savings v. Musick,* 650 S.W.2d 764 (Tex.1983); *Hinojosa v. Castellow Chevrolet Oldsmobile, Inc.,* 678 S.W.2d 707, 714 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *De La Fuente v. Home Savings Association,* 669 S.W.2d 137, 145 (Tex.App.—Corpus Christi 1984, no writ). It is not necessary for either party to prove facts which are distinctly alleged by the adverse party. *Taylor v. Catalon,* 166 S.W.2d 102 (Tex.1942); *Hinojosa,* 678 S.W.2d at 615; *De La Fuente,* 669 S.W.2d at 145. Facts admitted in a pleading are considered judicial admissions or a substitute for evidence. *Johnson v. Johnson,* 579 S.W.2d 30 (Tex.Civ. App.—Beaumont 1979, no writ).

In the present case, appellant's petition serves as a judicial admission and a substitute for evidence of the grounds of divorce she alleges. She cannot now challenge the sufficiency of the evidence to support the divorce granted by the trial court. Points of error one and two are overruled.

In her third point of error appellant challenges the sufficiency of the evidence to show that the trial court had jurisdiction and venue of the cause under Tex.Fam. Code Ann. § 3.21 (Vernon 1975), which provides that "[n]o suit for divorce may be maintained unless at the time suit is filed the petitioner or the respondent has been a domiciliary of this state for the preceding six-month period and a resident of the county in which the suit is filed for the preceding ninety-day period." The residency requirements of Section 3.21 are not jurisdictional, but prescribe qualifications that must be met before the court is authorized to grant a divorce. *Skubal v. Skubal,* 584 S.W.2d 45 (Tex.Civ.App.—San Antonio 1979, writ dism'd); *Allen v. Allen,* 397 S.W.2d 99 (Tex.Civ.App.—Amarillo

1965, no writ); *see also Morris v. Morris,* 717 S.W.2d 189, 190 (Tex.App.—Austin 1986, no writ).

As with the grounds of divorce in points one and two, appellant admitted in her petition that she satisfied the residency requirements of Section 3.21. Though not jurisdictional, the residency requirement protects the interests of the State as well as the parties, and cannot be waived by the parties. *Berry v. Berry,* 612 S.W.2d 213 (Tex.Civ.App.—Beaumont 1980, writ dism'd); *see also Kopecinski v. Kopecinski,* 627 S.W.2d 472 (Tex.App.—Corpus Christi 1981, writ dism'd.) However, in *Morris,* 717 S.W.2d at 190, the court held that, in the context of a default judgment, the respondent's implied admission of the allegations of residence and domicile in the petition for divorce would meet the requirements of Section 3.21, even without evidence of residence and domicile at trial. Similarly, in the present case, we hold that appellant's judicial admission of residence and domicile in her petition prevents her from now challenging the evidence as insufficient to show that the requirements of Section 3.21 have been satisfied. Appellant's third point of error is overruled.

In her fourth and fifth points of error appellant complains that the trial court abused its discretion in accepting the agreement of the parties as the basis for its decree of divorce. Appellant's fifth point complains that the agreement failed to provide for jurisdiction, venue or grounds for the divorce. Our disposition of the first three points is dispositive of this point as well and it is overruled.

Appellant's fourth point complains that the appellant had revoked her consent to the agreement before the divorce decree was signed by the trial court and that she did not sign or approve the decree.

A valid agreed judgment cannot be entered when the consent of one of the parties is lacking, and a party may revoke his consent to settle a case at any time before judgment is rendered. *Burnaman v. Heaton,* 240 S.W.2d 288, 291 (Tex.1951); *Milstead v. Milstead,* 633 S.W.2d 347 (Tex. App.—Corpus Christi 1982, no writ).

In the present case, a letter attached as an exhibit to appellant's motion for new trial suggests that the court was informed by appellant's counsel that she no longer agreed to the settlement before the date the final judgment was entered. However, there is nothing in the record to show that this letter was filed in the papers of the case or even received by the trial court before the date the decree was signed. We will not assume that the trial court received such notice on the sole basis of an exhibit to appellant's motion for new trial. *See Dodson v. Seymour,* 664 S.W.2d 158, 161 (Tex.App.—San Antonio 1983, no writ). Appellant's fourth point of error is overruled.

In her sixth point of error appellant complains that the trial court abused its discretion in failing to order a division of the marital estate in a manner that was just and right.

The court may divide the community estate of the parties upon divorce by itself partitioning the estate, by setting fourth a property settlement agreement in the decree, or by incorporating such an agreement by reference in the decree. *Kartchner v. Kartchner,* 721 S.W.2d 482, 484 (Tex.App.—Corpus Christi 1986, no writ). The trial court has wide discretion in dividing the estate and should be corrected on appeal only when an abuse of discretion has been shown. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981).

The trial court, however, must follow the mandate of Tex.Fam.Code Ann. §§ 3.63 and 3.631 (Vernon Supp.1988), to make a "just and right" division of the property, regardless of any contrary agreement between the spouses. *Patino v. Patino,* 687 S.W.2d 799, 801–802 (Tex.App.—San Antonio 1985, no writ); *Finn v. Finn,* 658 S.W.2d 735, 747 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). In the present case, we find nothing in the record to suggest that the division contemplated by the agreement was not just and right. The trial court is not required to divide the property equally between the parties. *Colley v. Colley,* 597 S.W.2d 30, 31 (Tex.Civ.

App.—Austin 1980, no writ). Appellant's sixth point of error is overruled.

 In her seventh point of error appellant complains that the divorce decree awarded additional property to the appellee not mentioned in the agreement. There is some disparity, however, between the items of property which the motion for new trial complains about and those complained of on appeal. Those items which were not mentioned in the motion for new trial have been waived by appellant's failure to show due diligence to cause the order to be corrected. *Dodson v. Seymour*, 664 S.W.2d 158, 160 (Tex.App.—San Antonio 1983, no writ). Those items not mentioned on appeal are not before this Court. The only common items on which appellant has preserved her right to complain are the 1965 and 1970 Mustang automobiles awarded to the appellee, and the award to the appellee of all community property not otherwise awarded to the appellant.

As far as the award of the remainder of the community property to the appellee, the record of the agreement between the parties at the hearing lists various items as belonging to one or the other party, and then appellee's trial counsel, Mr. Smith, asked appellant, "Is that your understanding of everything that you're to be awarded? Mrs. McCaskill: Yes, sir. Mr. Smith: And that everything else that's out there belongs to Mr. McCaskill? Mrs. McCaskill: Yes, sir." This supports the trial court's award in the divorce decree of the remainder of the community estate to appellee.

The only property awarded without a clear agreement in the record are the 1965 and 1970 Mustangs. At the hearing the parties agreed to divide these according to who had possession. However, they never specified which of the parties did have possession of the cars. The trial court abused its discretion in awarding these cars to appellee without ascertaining from evidence in the record, admissions or agreement, who had possession at the time of the hearing. *See Dodson*, 664 S.W.2d at 160; *Stitcher v. Stitcher*, 617 S.W.2d 285 (Tex.Civ.App.—Tyler 1981, no writ). Appellant's seventh point of error is sustained with regard to the 1965 and 1970 Mustangs.

The judgment of the trial court is reversed and remanded with regard to the trial court's award of the 1965 and 1970 Mustangs. We are not unaware of the Texas Supreme Court's admonishment in *Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex. 1985), that a Court of Appeals should remand the entire community estate for a new division when it finds reversible error in a specific part of the division only, but which materially affects the trial court's "just and right" division of the entire community estate. The present case is distinguishable in that the trial court's only exercise of discretion was to accept the parties' own settlement agreement as a "just and right" division of the community. Our partial remand does not affect the justness of the parties' agreement or in any way necessitate the trial court's re-evaluation of the settlement as a whole, except to receive some evidence of which party was in possession of which automobile. The remainder of the judgment is affirmed.