

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00327-CV

---

IN THE MATTER OF THE MARRIAGE OF GRACE WU
AND SIMON MONG HSIANG AND IN THE INTEREST OF K.H., A CHILD

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2011-559,731, Honorable Bradley S. Underwood, Presiding

---

June 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This appeal arises from a default judgment in a divorce suit entered against appellant Grace Wu. Wu appeals from the trial court's order denying her motion for new trial, arguing (1) that proper notice of the final hearing date was not given; and (2) the elements for a new trial after a post-answer default were established. We will affirm the judgment of the trial court.

Background

In 2011, Wu petitioned for divorce from appellee Simon Mong Hsiang. Wu and Hsiang have one minor child, born in 1996. At the time of the final hearing, the child, although still a minor, was attending college. Their other child was an adult at the time of the final hearing.

The final hearing was originally scheduled for a day in April 2013. Both parties appeared at that time and agreed to postpone the final hearing until certain records and documents had been exchanged. After leaving the courtroom, both counsel "spoke with the court coordinator to reschedule the hearing. The court coordinator stated that May 29, 2013 was available for the hearing and that she would hold that date." No written notice confirming the May 2013 date appears in the record.

The parties engaged in correspondence regarding the exchange of the requested documents. The documents from Hsiang were sent by his attorney to Wu's attorney on May 28, 2013. The attorneys did not discuss the final hearing that was to take place the following day. Hsiang appeared with counsel and testified at the hearing. Wu did not appear.[1] At the conclusion of the hearing, the trial court granted the divorce. The court signed the final decree in July 2013.

---

[1] At the outset of the final hearing, after noting Wu's failure to appear, the trial court stated, "The record will reflect that my understanding is that the attorneys had this set, and the attorneys got with the court coordinator and set today's date at 1:15 for a final hearing." The reporter's record of the final hearing shows the court coordinator attempted to contact Wu's counsel by telephone but was unsuccessful. The hearing began at 2:02.

Wu timely filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

Analysis[2]

Notice of Final Hearing

Wu initially argues she did not receive proper notice of the May 29, 2013 hearing. A party who appears in the case is entitled to notice of a trial setting as a matter of due process. *LBL Oil Co. v. Int'l Power Servs., Inc.,* 777 S.W.2d 390, 391 (Tex. 1989) (per curiam); *Bradford v. Bradford*, 971 S.W.2d 595, 597 (Tex. App.—Dallas 1998, no pet.).

Civil rule 245 provides in part that "when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties." Tex. R. Civ. P. 245.

It is generally presumed that a trial court hears a case only after notice has been given to the parties, so the obligation to affirmatively show the lack of notice or non-compliance with rule 245 lies with the complainant. *Campsey v. Campsey,* 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). A written order is not required when the record establishes that counsel for each party had adequate notice of the date set for trial. *Guerra v. Alexander,* No. 04-09-0004-CV, 2010 Tex. App. LEXIS 4115, at *13 (Tex. App.—San Antonio May 26, 2010, pet. ref'd) (mem. op.) (citing *Tewell v. Tewell,* 599 S.W.2d 351, 354 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd)). Rule 245 does

---

[2] Hsiang asserts Wu waived her appellate issue because she failed to reference the appellate record in making her argument. While we agree Wu has failed to present proper citations to the record, *see Tacon Mechanical Contractors v. Gant Sheet Metal,* 889 S.W.2d 666, 671 (Tex. App.—Houston [14th Dist.] 1994, writ denied), we will nevertheless address Wu's contentions.

not specify how much notice must be given with regard to reset dates in order for the notice to be reasonable. *Guerra*, 2010 Tex. App. LEXIS 4115 at *13.

It is undisputed that counsel for both parties, after their agreement to reset the final hearing, went to the court coordinator together, and that the coordinator gave them a hearing date and time for the final hearing. Wu's motion for new trial asserted her counsel's position that he understood the date was tentative, related to the uncompleted discovery. Hsiang opposed the new trial motion, asserting the hearing date was not tentative but was the agreed-upon date and time for the hearing. At the new trial hearing, the court heard from both counsel. Given counsel's conflicting versions of their agreement, we will not second-guess the trial court's implicit finding that Wu failed to demonstrate a lack of notice of the final hearing or non-compliance with rule 245. Accordingly, we cannot agree she has shown a violation of her due process rights.

*Craddock v. Sunshine*

Wu next contends she was entitled to a new trial because she satisfied the elements necessary for such entitlement. We review the trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.,* 209 S.W.3d 112, 114 (Tex. 2006); *Ricks v. Ricks,* 169 S.W.3d 523, 526 (Tex. App.—Dallas 2005, no pet.). A court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Id.*; *Loehr v. Loehr,* No. 13-08-00380-CV, 2009 Tex. App. LEXIS 6863, at *6 (Tex. App.—Corpus Christi Aug. 28, 2009, no pet.) (mem. op.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character

4

to support its decision. *Garza v. Garza,* 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.).

*Craddock,* 133 S.W.2d at 126, has been applied to divorce proceedings.[3] *See Prince v. Prince*, 912 S.W.2d 367, 369-70 (Tex. App.—Houston [14th Dist.] 1995, no writ); *Burgess v. Burgess,* 834 S.W.2d 538, 539 (Tex. App.—Houston [1st Dist.] 1992, no writ); *cf. Little v. Little*, 705 S.W.2d 153, 153-54 (Tex. App.—Dallas 1985, writ dism'd) (stating that although the *Craddock* test is applicable to motions for new trial after a default judgment in a divorce action, it may be superceded by the best interest of the child test).

The test set out in *Craddock* contains three prongs, each of which a defaulting party must satisfy.  The new trial movant must: (1) present facts showing that the failure to appear was not intentional or the result of conscious indifference but was due to accident or mistake; (2) set up a meritorious defense; and (3) file the motion for new trial when it would not cause delay or otherwise injure the prevailing party.  *Craddock,* 133 S.W.2d at 126.

We will address the second prong, requiring that Wu set up a meritorious defense. A meritorious defense is one that, if ultimately proved, will cause a different result when the case is tried again.  *State Farm Life Ins. Co. v. Mosharaf*, 794 S.W.2d 578 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (citing *The Moving Co. v. Whitten*, 717 S.W.2d 117, 120 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)); *see*

---

[3] Generally, a post-answer default judgment occurs when a defendant who has answered fails to appear for trial. *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex. 1979).  Here, the parties filed counter-petitions in the divorce proceeding.

*O'Connell v. O'Connell*, 843 S.W.2d 212, 218 (Tex. App.—Texarkana 1992, no writ) (citing *Mosharaf* in family law case). The movant is not required to prove her defense conclusively to satisfy the meritorious defense element, but must allege facts which in law would constitute the meritorious defense and support the motion with affidavits or other evidence establishing prima facie the existence of the meritorious defense. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

Wu's assertions in her motion for new trial involve the division of the community property and the allocation of debt. She specifically states objections to the court's valuation of the homestead and to its order that each party bear responsibility for debt the party incurred after the filing of the initial divorce petition.

The final decree awarded the homestead to Hsiang. He testified that the marital property should be divided equally, and expressed his agreement to pay Wu her half of the value of the homestead within thirty days of the final decree. He further testified that an appraiser had placed a value on the homestead of about $250,000, and that the Lubbock County Appraisal District valuation was about $40,000 higher. The appraiser's valuation was lower, he said, because the appraiser had deducted for some damage to the house. He testified also that their insurance company had issued checks for the damage and that Wu's signature was needed on the checks. The final decree set the value of the homestead at $259,000.

The trial court also heard evidence concerning the parties' debts, Wu's education and earning capacity and the fact Wu's student loan debt had been paid. Hsiang testified to his willingness to assume all the couple's debt except for a Discover card

6

account. At the close of the hearing, the judge stated, "The divorce is granted. The Petitioner's request is granted. The 50/50 split is great with the Court."

Wu's new trial motion expressed no disagreement with the award of the homestead to Hsiang nor to the payment to her of half its value. Her affidavit instead asserted that the $259,000 value was "incorrect. The actual value of the home is $299,356.00. This amount is the value set forth by the Lubbock County Appraisal District which I believe to be a more accurate reflection of the actual value of the home."[4]

With regard to the allocation of debt, Wu's affidavit states the decree's requirement that she pay all debts in her name incurred after the filing of the divorce petition means that she is "wrongly" required to pay $14,000 for charges on the Discover card account which she used "to purchase items necessary for the maintenance and operation of the home, including the purchase of food, clothing and other items necessary for the support of the child, myself and [Hsiang] during the pendency of the divorce, while [Hsiang] and I lived together with the child."

A trial judge is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. TEX. FAM. CODE ANN. § 7.001 (West 2006); *Moroch v. Collins,* 174 S.W.3d 849, 855 (Tex. App.—Dallas 2005, pet. denied). The court has broad discretion in making the just and right division. *Murff v. Murff,* 615 S.W.2d 696, 698-99 (Tex. 1981); *Boyd v. Boyd,* 131 S.W.3d 605, 610 (Tex. App.—Fort

---

[4] Wu further asserted that $10,000 in proceeds from insurance on the homestead should either be divided equally or added to the overall value of the home rather than awarded to Hsiang. Wu appears to contend the trial court awarded the insurance proceeds to Hsiang. We do not read the court's judgment as doing so.

7

Worth 2004, no pet.). The record here shows the trial court heard evidence regarding both the homestead valuation and the parties' debts. It also shows the trial court took pains to ensure that Wu received half the value of the homestead. The evidence presented in Wu's affidavit may be contrasted with that the court found adequate to set up a meritorious defense in *Morris v. Morris*, 717 S.W.2d 189 (Tex. App.—Austin 1986, no writ). The motion for new trial there alleged that the property division in the divorce decree was not in accord with the parties' agreement and that community assets both parties intended to go to the husband, such as his retirement benefits, were not mentioned in the decree but left undivided. *Id*. at 192; *see Miller v. Miller,* 903 S.W.2d 45, 48 (Tex. App.—Tyler 1995, no pet.) (motion for new trial alleged facts bearing on conservatorship of children and property division, including allegations of husband's physical abuse, a subject almost certainly not explored at the trial at which wife was not present and only the husband testified).

The court here was aware of the difference between the appraiser's valuation of the homestead and the appraisal district's valuation, and Wu's assertion that the appraiser's valuation is "incorrect" because she believed the appraisal district's valuation was more accurate merely presented her contrary view on a subject the court already had considered. The court also heard testimony that the only debt allocated to Wu was the Discover card account while Hsiang assumed the remaining debt. We see no abuse of discretion in the trial court's implicit conclusion that Wu's assertion it was wrong for her to be saddled with the Discover card account because both parties benefitted from its charges failed to state facts which, if proven, would lead to a different just and right division of property or allocation of debt on retrial. We thus see no abuse

of discretion in a conclusion that neither of Wu's assertions set up a meritorious defense warranting a new trial.

Accordingly, we find Wu has failed to satisfy the second *Craddock* prong and, because Wu failed to establish each of the three *Craddock* factors, we resolve Wu's appellate issue against her. We affirm the judgment of the trial court.


James T. Campbell
Justice