Robert B. TREVATHAN, Appellant,

v.

Pamela R. AKINS, Appellee.

No. 01–85–0762–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 22, 1986.

Patricia A. Wicoff, Houston, for appellant.

Marty R. Akins, Akins & Pettiette, Houston, for appellee.

Before LEVY, DUGGAN and DUNN, JJ.

OPINION

LEVY, Justice.

This is an appeal from an order modifying a conservatorship, support, and visitation order in a suit affecting the parent-child relationship.

Several causes were consolidated in this case, apparently reducing the issues to the legal name of the child, support, and visitation rights of the possessory conservator.

On May 23, 1985, the parties appeared in the district court for a trial on the merits. The trial court requested that the parties attempt to resolve the issues. The parties retired and some time later returned and announced a settlement had been reached.

No statement of facts is presented recording the appearance. Appellant asserts that at the time settlement was announced, appellee raised an additional issue not discussed during negotiations. Appellee asserts that the terms of the settlement were dictated into the record by mutual consent and accepted by the court and that the order entered accurately reflects the terms of the agreement.

On June 4, 1985, the date designated for entry of judgment, the attorneys for the parties appeared. Again no record of the hearing is presented. Appellant asserts that his attorney refused to sign the agreement, contending that it did not accurately reflect the settlement and that the terms of certain portions of the visitation periods were unenforceable.

The order, signed by the trial court on June 4, reflects that it was made pursuant to "an agreed resolution" made May 23, and that the court made its findings upon approval of the agreement. Docket sheet notations indicate that an "agreed order" was read into the record on May 23.

Appellant's sole point of error contends that the trial court erred in entering judgment because the court had notice that appellant did not consent and because the court improperly supplemented terms to which the parties had not agreed.

**560**

The leading case in this area is *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951).

> A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court.

*Id.*, 150 Tex. at 338, 240 S.W.2d at 291. When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to give the purported agreement the sanction of the court so as to make it the judgment of the court. Any judgment rendered on the purported agreement under such circumstances may be set aside. *Id.*, 150 Tex. at 339, 240 S.W.2d at 291.

In the case before us, the judgment signed on June 4 recites that the agreement, and the court's approval thereof, were read into the record on May 23. A May 23rd docket sheet notation confirms that the agreed order was read into the record. By the terms of the judgment, we conclude that judgment was "rendered" on May 23.

As usual, the burden in the instant case is on the appellant to bring a sufficient record to show reversible error. Tex. R.Civ.P. 413. Appellant has failed to bring us the record of the May 23 hearing. In the absence of a record showing otherwise, we will presume, in support of the judgment, that the record would show that the mutual agreement of the parties was read into the record and the trial court then "rendered judgment." *See* Tex.R.Civ.P. 11. Thus, we presume that mutual consent existed at the very moment the court undertook rendition of its judgment on May 23.

We overrule the appellant's point of error.

The judgment of the trial court is affirmed.