Maricela **ARRIAGA** & San Juanita Arriaga, Appellants,

v.

Joe **CAVAZOS**, Appellee.

No. 04–92–00685–CV.

Court of Appeals of Texas, San Antonio.

June 29, 1994.

Teresa A. Hunter, Laredo, for appellants.

Sharon Trigo, Laredo, for appellee.

Before CHAPA, C.J., and RICKHOFF and BISSETT, JJ.[1,2]

## OPINION

PER CURIAM.

Maricela Arriaga and San Juanita Arriaga, defendants in the trial court, appeal from a judgment rendered against them in favor of Joe Cavazos, plaintiff in the trial court. The appeal is from a judgment signed on September 10, 1992, whereby the appellee recovered a portion of the sale of an alleged business partnership.

The appellee, Joe Cavazos, filed an Original Petition in the Webb County Court at Law against the appellants Maricela Arriaga and San Juanita Arriaga. Thereafter the appellee amended his petition and included a third defendant, Celestino Arriaga, the appellee's alleged former partner. On September 10, 1992, the trial court signed a default judgment against Celestino Arriaga for $15,-000.00 together with $5,000.00 reasonable attorney's fees and costs of court, and in the same judgment granted judgment against Maricela Arriaga and San Juanita Arriaga, jointly and severally, in the amount of $4,259.00, to be paid by the defendants to the plaintiff in cash on or before July 3, 1992. The judgment against the appellants was based on an agreement of the parties. It is from that judgment that appellants appeal.

On June 12, 1992, the instant case was scheduled for trial on the merits. However, the appellants reached a settlement agreement with the appellee. By the terms of the settlement agreement, the appellants would pay $4,259.00 to the appellee in full and final settlement and release of any and all claims the appellee may have had against the appellants. At that time, the appellants advised the appellee (and the appellee was aware) that the appellants would have to obtain a bank loan to make the agreed payment. The parties agreed that the appellants would pay the appellee $4,259.00 within two weeks after June 12, 1992. The appellants anticipated that upon payment of the monies the appellee would execute a release and dismiss or nonsuit the lawsuit as against the appellants. When the attorneys for the parties announced the settlement to the trial court on June 16, 1992, the following statements were made:

MS. TRIGO: Your Honor, there's one defendant Celestino Arriaga who was served with process. He has not filed an answer and is not present today. As between the plaintiff and Ms. Hunter's clients [appellants], we've reached an agreement for settlement, and we'd just like to briefly present proof of default.

THE COURT: All right.

MS. TRIGO: Basically, our settlement with Maricela Arriaga and San Juanita Arriaga is that the defendants will pay the plaintiff the sum of $5,000—I'm sorry—$4,259 within two weeks from today in full and final settlement as to them.

MS. HUNTER: And we'll prepare the releases and all the paper work.

THE COURT: As to that particular part of that?

MS. HUNTER: Yes.

After the Court heard the proof as to the default judgment against Celestino Arriaga the following transpired:

THE COURT: Ms. Maricela Arriaga and San Juanita Arriaga, do you both understand English?

MARICELA ARRIAGA: Yes, sir.

SAN JUANITA ARRIAGA: Yes, sir.

THE COURT: I thank you for being here this morning. I appreciate the fact that you were able to resolve your differences in regards to the three of you. I'm glad that you were able to agree on something. It's always better when you have a good settlement versus a bad judgment that you may not like in the eventual trial, but thank you very much. Do you have any questions?

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

2. Deceased, not participating.

MARICELA ARRIAGA: No, no questions.

SAN JUANITA ARRIAGA: No.

The Court, thereafter, stated as follows:

THE COURT: Default Judgment is granted as to Celestino Arriaga in the amount of $15,000 plus $5,000 attorney's fees as to the default judgment. As it pertains to Ms. Maricela Arriaga and San Juanita Arriaga on settlement, the *court will order* $4,259 payable no later than ten days.

MS. TRIGO: Two weeks, your Honor.

MS. HUNTER: They need some time to arrange for a loan from the bank.

THE COURT: Today is June 16th. I'll give you till July 3rd. That gives you about more than fifteen days. All right.

MS. TRIGO: Thank you.

Thereafter, the appellants were unable to obtain a loan and advised the appellee they were withdrawing from the agreement. The Court again called the instant case for trial on August 12, 1992, and the following occurred:

THE COURT: Didn't you already come in and have a trial setting and you guys announced settlement?

MS. HUNTER: Yes, but they weren't able to get the financing.

MS. TRIGO: So we're asking the court to set aside its previous ruling since no judgment has been entered and set this case for trial.

THE COURT: I already entered judgment.

MS. TRIGO: There are no signed orders so I figured you would give time for a motion for new trial.

THE COURT: Well, yes. No, but I have to sign the order. You guys understand that once I make a judgment, the order has to be signed, then you have to go through the idea of a motion for new trial.

MS. HUNTER: Well, I don't know, but there was—I mean, there shouldn't have been necessarily a judgment because if there was a settlement, we could have nonsuited or filed a motion to dismiss.

THE COURT: Hold on a second. Judgment in the amount of $15,000 plus attorney's fees in the amount of $5,000 granted.

MS. HUNTER: That was for the other side. That was for the other defendant.

THE COURT: Default judgment due 6/16.

MS. HUNTER: Right. See, ours was we announced a settlement.

. . . .

THE COURT: Agreement reached as to defendant Maricela Arriaga and San Juanita Arriaga. Defendant to pay $4,259.00 within two weeks.[3] . . . Administratively, I just have to sign the judgment.

Thereafter, the trial judge signed the judgment, which decreed in relevant part:

The Court, having considered the agreement of Plaintiff and Defendants MARICELA ARRIAGA and SAN JUANITA ARRIAGA announced and agreed to by said parties in open court, finds that Plaintiff is entitled to have and recover from Defendants MARICELA ARRIAGA and SAN JUANITA ARRIAGA, jointly and severally, judgment in the amount of FOUR THOUSAND TWO HUNDRED FIFTY NINE AND NO/100 ($4,259.00) DOLLARS, to be paid by Defendants to Plaintiff in cash on or before July 3, 1992.

The appellants attack the judgment by five points of error. They claim that the trial court erred in (1) rendering an agreed judgment after the appellants had withdrawn their agreement; (2) entering and signing "a purported agreed judgment after Appellants had withdrawn their agreement;" (3) rendering an agreed judgment when the appellants "had never agreed to entry of an agreed judgment nor had the Appellee requested entry of an agreed judgment against the Appellants;" (4) rendering, signing, and entering an agreed judgment that did not comport exactly with the terms of the agreement; and (5) rendering, signing or entering a judgment when "appellants had not stated of record that they were in agreement as required by Rule 11" of the rules of civil procedure. Because the dispositive issue in this appeal is whether the trial court rendered judgment at a hearing held on June 16, 1992,

---

**3.** This is the information reflected in the docket sheet.

all of the points of error will be discussed together.

The general rule is that an agreement for judgment, like other agreements in a pending lawsuit, will ordinarily not be enforced "unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of the record." TEX.R.CIV.P. 11; *Kennedy v. Hyde,* 682 S.W.2d 525, 528–29 (Tex.1984).

A rendition of judgment is the pronouncement by the trial court of its conclusions and decision upon the matters submitted to it for adjudication; such conclusions and decisions may be oral or written, and judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed with the clerk. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970). A judgment is in fact rendered whenever the trial judge officially announces his decision in open court. *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953). An agreed judgment must be in strict or literal compliance with the agreement. *Vickrey v. American Youth Camps, Inc.,* 532 S.W.2d 292 (Tex.1976). A party can revoke his consent to settle a case any time before judgment is rendered. *Samples Exterminators v. Samples,* 640 S.W.2d 873, 874–75 (Tex.1982). In *Samples,* the trial court made the following statement:

> It appearing to the Court that all of you did agree in open court to this settlement, the Court approves the settlement made in open court and orders all parties to sign any and all papers necessary to carry out this agreement and to carry out the agreement that was made and dictated into the record.

*Id.,* 640 S.W.2d at 874.

In the instant case, the trial court questioned the appellants on June 16, 1992, about their understanding of the arrangement, and neither appellants nor their attorney expressed any disagreement with the settlement at that time. The agreement was made in open court and entered of record in compliance with rule 11. At the request of counsel for all parties, the time allowed for payment was then corrected by the trial court, giving the appellants additional time in which to perform. There is no indication in the record that appellants expressed any disagreement with the settlement until August 12, 1992, which was *after* the trial court had officially announced its decision in open court. The appellants' subsequent attempt to back out of this agreement simply came too late. A party has the right to revoke his consent to an agreement to settle the issue in dispute at any time *before* the rendition of judgment, but not *after* rendition. *Quintero v. Jim Walters Homes, Inc.,* 654 S.W.2d 442, 444 (Tex.1983). Rendition is distinguishable from the entry of judgment which is a purely ministerial act by which judgment is made of record and preserved. *Ex parte Gnesoulis,* 525 S.W.2d 205, 209 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Rendition of judgment in the case at bar occurred on June 16, 1992 when the trial judge stated "the court will order ..." We have carefully reviewed all of appellants' points of error and they are overruled.

The judgment is affirmed.