TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00366-CV






Teresa McLeod, Appellant



v.



Travis McLeod, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 145,383-C, HONORABLE OLIVER KELLEY, JUDGE PRESIDING 







 Teresa McLeod appeals from a trial-court order signed February 20, 1998. The
court, after a hearing on Ms. McLeod's motion to revoke her consent to a Rule 11 agreement, (1)
denied that motion and signed an order based on the parties' agreement. We will affirm the trial-court order.


Background



 This cause has an involved and contentious history with numerous motions to
modify, motions for contempt, and motions for protective orders. We will detail only the matters
necessary to the disposition of this appeal. The parties divorced in 1993. They were appointed
joint managing conservators of their two children. Teresa McLeod, the mother, was awarded
physical possession of the children. Travis McLeod, the father, was ordered to pay child support. 
The order from which Ms. McLeod perfected appeal resulted from a hearing on a motion to
modify that was held October 16, 1997. During a recess in that hearing, the parties signed a
Rule 11 agreement. Shortly thereafter, Ms. McLeod filed a "Motion to Repudiate Rule 11
Agreement." In December 1997, she requested a protective order and changes in visitation. On
the nineteenth and twentieth of February 1998, the court held hearings on Ms. McLeod's motion
to repudiate the agreement. On February 20, 1998, the court signed its order based on the parties'
Rule 11 agreement. No findings of fact or conclusions of law were requested or made. On appeal
from that order, Ms. McLeod brings two issues, complaining that the trial court erred in entering
an agreed order because, even assuming a valid Rule 11 agreement existed, she had timely revoked
her consent to the agreement and the trial court erred in rescinding previously awarded attorney's
fees.


The Rule 11 Agreement



 Appellant does not challenge the authenticity of the Rule 11 agreement. Rather,
she asserts that the purported "Rule 11 agreement" never complied with the basic requirement that
such an agreement be "filed with the court." Rule 11 states:


 Unless otherwise provided in these rules, no agreement between attorneys or
parties touching any suit pending will be enforced unless it be in writing, signed
and filed with the papers as part of the record, or unless it be made in open court
and entered of record.


Tex. R. Civ. P. 11. The basis for her assertion is that the agreement was not file-marked by the
clerk. Although the only case cited by appellant in support of this argument concerns the inability
to enforce an oral agreement, (2) there is germane case law on this issue.

 The purpose of the requirement that a Rule 11 agreement be filed is to put the
agreement before the court "so the court can judge of [its] import, and proceed to act upon [it]
with safety." Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995) (quoting Birdwell v. Cox,
18 Tex. 535, 537 (1857)). The general rule is that an instrument is deemed filed at the time it is
left with the clerk, whether or not a file-mark is placed on the instrument. See Standard Fire Ins.
v. LaCoke, 585 S.W.2d 678, 680 (Tex. 1979); Defee v. Defee, 966 S.W.2d 719, 721 (Tex.
App.--San Antonio 1998, no pet.) (waiver of service of citation effective; although unclear when
or how waiver, which lacked file-stamp, was placed in file, record reflected that judge considered
waiver of citation and it was found in clerk's custody).

 The agreement is part of the appellate record that has been transmitted to this court
and it does lack a file-mark. However, that absence is not controlling. Id. The docket sheet entry
for the October 16, 1997 hearing contains a notation that shows that the parties settled with a
"Rule 11 agreement." During the February hearings, Ms. McLeod disputed the enforceability
of the agreement but did not dispute its existence. These references make it clear that the court
had the agreement before it. We conclude the agreement satisfied the Rule 11 requirement of
being "filed with the papers as part of the record."

 Ms. McLeod contends that the court's judgment of February 20, 1998, based on
the parties' Rule 11 agreement, was improper because she timely revoked her consent to the
agreement. See S & A Restaurant Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995); Quintero v.
Jim Walter Homes, Inc., 654 S.W.2d 442, 444 (Tex. 1983). However, the underlying agreement
is still enforceable as a contract. See Padilla, 907 S.W.2d at 461. Based on the record, there are
at least two grounds upon which the court could have found Ms. McLeod's attempts at revocation
of consent ineffective: she attempted to revoke consent after the court rendered judgment and she
ratified the agreement after her attempted revocation.


Rendition of Judgment Before Attempted Revocation


 A rendition of judgment is the pronouncement by the trial court of its conclusions
and decisions upon the matters submitted to it for adjudication; such conclusions and decisions
may be oral or written, and judgment is rendered when the decision is officially announced either
orally in open court or by a memorandum filed with the clerk. See S & A Restaurant, 892 S.W.2d
at 857; Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58 (Tex. 1970); Keim v. Anderson, 943
S.W.2d 938, 942 (Tex. App.--El Paso 1997, no writ); Arriaga v. Cavazos, 880 S.W.2d 830, 833
(Tex. App.--San Antonio 1994, no writ). Rendition is distinguishable from the entry of judgment
which is a purely ministerial act by which judgment is made of record and preserved. Arriaga,
880 S.W.2d at 833; Ex parte Gnesoulis, 525 S.W.2d 205, 209 (Tex. App.--Houston [14th Dist]
1975, orig. proceeding). The rendition of judgment, either by spoken word or signed
memorandum, decides the issues upon which the ruling is made; an intent to render judgment in
the future is not a present rendition of judgment. (3) See S & A Restaurant, 892 S.W.2d at 858.

 Ultimately, we resolve the issue of when the judgment was rendered based on the
state of the record in this case. A reporter's record from hearings on the motion to revoke
consent, held on February 19 and 20, 1998, was filed as part of the appellate record. However,
the order signed February 20 recites that it was based on a hearing held October 16, 1997, at
which all parties appeared. The docket-sheet entry for that date, initialed by the court reporter,
shows a record of that hearing was made. No reporter's record from the October hearing has been
filed. The court overruled Ms. McLeod's motion to repudiate the Rule 11 agreement. The
judgment recites that it was based on a Rule 11 agreement. In the reporter's record from the
February hearing, the court asked whether he had signed the order yet, which is consistent with
having rendered judgment without yet having entered it. In the absence of a record showing
otherwise, we will presume, in support of the judgment, that the trial court's action in signing a
consent judgment in February meant that it found it had rendered judgment at the October hearing,
leaving only the ministerial act of entry. See Trevathan v. Akins, 712 S.W.2d 559, 560 (Tex.
App.--Houston [1st Dist.] 1986, no writ).

Ratification


 A settlement agreement is a contract, and its construction is governed by the legal
principles applicable to contracts generally. See Stevens v. Snyder, 874 S.W.2d 241, 243 (Tex.
App.--Dallas 1994, writ denied). Even if a person has been fraudulently induced into a contract,
if that person continues to receive benefits under the contract after she becomes aware of the fraud,
or if she otherwise conducts herself in such a manner as to recognize the contract as subsisting and
binding, she thereby affirms the contract and waives her right of rescission. See Daniel v. Goesl,
341 S.W.2d 892, 895 (Tex. 1943); Old Republic Ins. Co., Inc. v. Fuller, 919 S.W.2d 726, 728
(Tex. App.--Texarkana 1996, writ denied). An express ratification is not necessary; any act based
upon a recognition of the contract as subsisting or any conduct inconsistent with an intention of
avoiding it has the effect of waiving the right of recission. Old Republic, 919 S.W.2d at 728.

 At the hearing in February, Ms. McLeod complained of Mr. McLeod's failure to
pay health insurance premiums to her, which was one of the conditions of the Rule 11 agreement. 
After some discussion about whether Ms. McLeod had actually procured such insurance, Mr.
McLeod's counsel, on the record, offered a check for the amount of those premiums as set out in
the Rule 11 agreement. Ms. McLeod accepted the check. Further, in the interim between the
October hearing and the February hearing, Ms. McLeod had filed motions to enforce and for
contempt based on Mr. McLeod's alleged failure to pay his share of the bill for the children's
visits to a psychologist, again, as set out in the Rule 11 agreement. The court could have found
that her behavior was a ratification of the agreement that estopped her from continuing to attempt
to rescind the Rule 11 agreement.

 Having found two grounds upon which the court could have found Ms. McLeod's
attempted revocation ineffective, we overrule her first issue presented.


Rescission of Attorney's Fees



 As part of the February 20 order, the court rescinded an award of attorney's fees
to counsel for Ms. McLeod that had been made in a previous order on a motion to modify. Ms.
McLeod complains that the attorney's fee award was made in a final, unappealed order and could
not be altered by the February 20 order.

 Finality in this type of case can be a difficult issue to resolve because a trial court
is charged with ongoing jurisdiction over the parties and the subject matter of the case. An
example is found in Ms. McLeod's on-the-record expression of her intent to bring another motion
to modify if the trial court did not allow her to revoke the Rule 11 agreement. However, in this
case, the parties' Rule 11 agreement called for the rescission of the earlier award of attorney's
fees. That the previous order was not appealed is not relevant to whether Ms. McLeod could
negotiate away a benefit she had received under that earlier order. The court's signing of the
October judgment was based on such an agreement. We overrule Ms. McLeod's second issue
presented.




 Having considered and overruled both of Ms. McLeod's issues, we affirm the trial-court order.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: June 30, 1999

Do Not Publish

1. See Tex. R. Civ. P. 11.
2. See London Mkt. Cos. v. Schattmann, 811 S.W.2d 550, 552 (Tex. 1991) (oral agreement
for extension of time to file discovery responses).
3. Appellant relies heavily on S & A Restaurant in support of her position. However, that case
has rather peculiar facts that are distinguishable. The trial court in that case expressly, in open
court, told the parties to the settlement agreement that once he signed the judgment, the settlement
would be final and could not be withdrawn. S & A Restaurant, 892 S.W.2d at 858 (emphasis
added).


ume, in support of the judgment, that the trial court's action in signing a
consent judgment in February meant that it found it had rendered judgment at the October hearing,
leaving only the ministerial act of entry. See Trevathan v. Akins, 712 S.W.2d 559, 560 (Tex.
App.--Houston [1st Dist.] 1986, no writ).

Ratification


 A settlement agreement is a contract, and its construction is governed by the legal
principles applicable to contracts generally. See Stevens v. Snyder, 874 S.W.2d 241, 243 (Tex.
App.--Dallas 1994, writ denied). Even if a person has been fraudulently induced into a contract,
if that person continues to receive benefits under the contract after she becomes aware of the fraud,
or if she otherwise conducts herself in such a manner as to recognize the contract as subsisting and
binding, she thereby affirms the contract and waives her right of rescission. See Daniel v. Goesl,
341 S.W.2d 892, 895 (Tex. 1943); O