**Dawn Carlette BECKER, Appellant,**

v.

**Richard James BECKER, Appellee.**

No. 09–97–470CV.

Court of Appeals of Texas,
Beaumont.

Submitted May 20, 1999

Decided Aug. 12, 1999.

Jo Miller, Conroe, for appellant.

Pamela E. George, Houston, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

**OPINION**

DON BURGESS, Justice.

Dawn Carlette Becker appeals from a final judgment in a divorce suit from her husband, Richard James Becker. Dawn brings two issues on appeal.

Richard sued Dawn for divorce and after a trial on the merits, a jury named Richard as managing conservator of their two children. The jury also made several other findings concerning property issues and attorney fees. Issues unresolved by the jury were heard and determined by the court during a bench trial held April 29, 1997. During this hearing, the trial judge

asked both parties' counsel whether they wanted to "visit." After a recess, Richard's counsel announced to the court that the two parties "have reached an agreement on all issues." The trial court then approved a settlement agreement which was read into the record by Richard's attorney and approved by the court. Dawn's counsel stated that she agreed to the terms read into the record.

On August 14, 1997, at a hearing on a motion to enter final decree, Dawn's counsel indicated to the court that she did not agree to the terms of the settlement agreement. The trial judge, however, signed the final decree which incorporated the terms of the settlement agreement as well as the jury findings. On appeal, Dawn challenges the legality of the settlement agreement.

In her first issue, Dawn alleges "the trial court erred in accepting and approving a purported settlement agreement which did not meet the statutory, procedural and legal requirements of such agreements." Dawn argues the settlement agreement is not valid because it was not signed by either party and because it was not put in writing in accordance with TEX.R. CIV. P. 11.

■ Rule 11 requires that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."  In the present case, the settlement agreement was read into the record during open court. We thus dismiss Dawn's argument that the agreement did not comply with Rule 11.

Dawn also argues that the settlement agreement is invalid because the court made no findings as to the best interest of the children and made no findings that the terms of the property division are just and right. The judgment states, however, that the court finds the custody orders "are in the best interest of the children" and that

the division of the estate is a "just and right division of the parties' marital estate...." For the reasons stated above, we overrule Dawn's first point of error.

In her second point of error, Dawn alleges "the trial court erred in rendering judgment on a settlement agreement in the absence of consent." Dawn argues that because she revoked her consent to the settlement agreement, the court could not enter into a judgment based on that agreement.

■ In *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983), the supreme court found that a judgment based upon an agreement of the attorneys cannot be rendered by a court when consent of one of the parties thereto is lacking. The court further found that a party has the right to revoke his consent to an agreed judgment at any time *before* the rendition of the judgment. *Id.* "Rendition is distinguishable from the entry of judgment which is a purely ministerial act by which judgment is made of record and preserved." *Arriaga v. Cavazos,* 880 S.W.2d 830, 833 (Tex.App.—San Antonio 1994, no writ)(citing *Ex parte Gnesoulis,* 525 S.W.2d 205, 209 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ)). A rendition of judgment is the pronouncement by the trial court of its decision upon the matters submitted to it for adjudication; such conclusions and decisions can be oral or written, and judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed with the clerk. *Arriaga,* 880 S.W.2d at 833 (citing *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970)).

■ In the present case, the trial court rendered judgment before Dawn attempted to revoke her consent to the terms of the judgment. Rendition of judgment occurred on April 29, 1997, when the trial judge stated: "The Court will approve what you gentlemen have dictated into the record and make it a permanent order of the Court." The trial court had no knowl-

edge that Dawn had revoked her consent until the hearing on August 14, 1997. Consequently, the trial court did not err in refusing to allow Dawn to withdraw her consent after judgment had been rendered. Point of error two is overruled and the judgment of the trial court is AFFIRMED.