COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 C.M. PRIETO,
  
                             Appellant,
  
 v.
  
 JOSE C. PRIETO,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00477-CV
  
 Appeal from the
  
 65th District Court
  
 of El Paso County, Texas 
  
 (TC# 98CM4310)
  
 
 


O P I N I O N

 

C.M. Prieto
appeals an agreed decree of divorce and the trial court=s denial of her motion for
rehearing.  We affirm.

Facts








After eleven and a half years of
marriage, Jose C. Prieto filed a petition to divorce
his wife C.M. Prieto. 
After three years and three motions for continuance from C.M. Prieto, the court held its final hearing.  On August 21, 2001, both parties appeared
through their attorneys, Mr. Garay for the
petitioner/appellee and Mr. Williams for the
respondent/appellant, and announced ready. 
Neither party to the divorce was present.  Mr. Prieto, due to
illness and inability to attend proceedings, had been deposed by his attorney,
who was prepared to present that evidence to the court.

Counsel for both parties proceeded
and announced an agreement had been reached between the parties as to property
division.  (The couple had no
children.)  The agreement was presented
to the court by appellee=s attorney Mr. Garay
with full disclosure of its binding nature. 
Mr. Garay began, AWe have reached an agreement with
regard to the divorce proceeding.  We had
a final set for today at 2:00 o=clock.  If I may, I=d like to announce the agreement into
the record and consider it a Rule 11 agreement.@ 
The parties stipulated that both parties had been domiciled in Texas for
the preceding six months and residents of El Paso County for the preceding
ninety-day period.  Although the details
were not complete, the parties agreed that Ms. Prieto
would have the right of first refusal on purchase of the couple=s house, followed by Mr. Prieto, then, if both parties fail to exercise their
option, the house was to be placed on the open market.  A letter from Mr. Williams to Mr. Garay shows that Ms. Prieto
intended to buy Mr. Prieto=s interest in the house.  Each party was to be responsible for his or
her debts.  The judge granted the divorce
on that day, and the attorneys for both parties left the courtroom intending to
reach an agreement and prepare a decree rather than have another hearing on
entry of judgment.

Mr. Prieto
died on September 10, 2001.








Mr. Williams filed a motion for
rehearing on September 20, 2001, claiming that he communicated with Ms. Prieto through her daughter and that Ms. Prieto did not understand the agreement she was
making.  The motion also stated that she
had a meritorious defense and that granting the rehearing would not injure Mr. Prieto.  The trial
court entered judgment on October 23, 2001. 
At that hearing, appellant=s attorney Mr. Williams made a motion
to withdraw, which was granted. 
Appellant=s new counsel Ms. Everhart then made a motion for
rehearing.  She argued that the new trial
was necessary for three reasons.  First,
she complained that residency and domicile were not properly proved at the
first hearing, and that these requirements cannot be waived.  Second, she claimed that the original
attorney was fired because Ms. Prieto Adid not agree to the things that were
presented to the Court in that case.  She
did not understand what was being presented and she did not agree to it.@ 
Third, there was no understood agreement in writing between the parties
to be presented to the trial court.  The
trial court then declared that the final decree created by Mr. Garay was in accord with the Rule 11 agreement that was
recited into the record on August 21, 2001, and granted the final decree of
divorce.

Standard of Review








Appellant=s points of error require this Court
to review matters under two separate standards. 
The decision by the trial court to exercise subject matter jurisdiction
over the divorce is a matter of law, so that determination will be reviewed de
novo.  Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  The trial court=s acceptance of a Rule 11 agreement
from the parties is reviewed under an abuse of discretion standard.  See McCaskill
v. McCaskill, 761 S.W.2d 470, 473 (Tex.
App.--Corpus Christi 1988, writ denied). 
The test for an abuse of discretion is not whether, in our view, the
facts present an appropriate case for the trial court=s action.  Instead, the court of appeals determines
whether the court acted without reference to any guiding rules and
principles.  Coots
v. Leonard, 959 S.W.2d 299, 301 (Tex. App.--El Paso 1997, no pet.) (citing Craddock v. Sunshine Bus Lines, Inc., 134 Tex.
388, 133 S.W.2d 124, 126 (1939)).  In other
words, the court of appeals looks to whether the trial court=s act was arbitrary or
unreasonable.  Id. (citing Smithson
v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984); Landry v.
Travelers Insurance Co., 458 S.W.2d 649, 651 (Tex. 1970)).  Specifically, in this analysis, this Court
will look to see if there was any indication or notice before the trial court
that the requisite consent to agreement was lacking on the part of either
party.  See McCaskill,
761 S.W.2d at 473.

Parties validly stipulated as to
residency requirement

Appellant=s first point of error claims that
the trial court erred in granting judgment with insufficient evidence to
establish that either party had met the residency requirement for instituting a
divorce.  Her fourth point of error
claims that this is a legal conclusion and the trial court could not accept a
stipulation on this issue as part of a Rule 11 agreement.  Both claims are inconsistent with current
Texas law.

Texas Family Code section 6.301 sets
forth the general residency rule for divorce suits in Texas:








A suit
for divorce may not be maintained in this state unless at the time the suit is
filed either the petitioner or the respondent has been:

 

(1) a domiciliary of this state for the preceding six-month
period; and

 

(2) a resident of the county in which the suit is filed for the
preceding 90-day period.

 








Tex. Fam. Code Ann. ' 6.301 (Vernon 1998). 
Statutory residency requirements are not jurisdictional, but do
prescribe qualifications that must be met before the court is authorized to
grant a divorce.  McCaskill,
761 S.W.2d at 472. 
Appellant rightly argues that this requirement must be pleaded and
proven and cannot be waived.  See id.
at 473. 
However, the current case does not deal with a waiver of the
requirement; rather, the matter presented is a stipulation that the underlying
facts are true.  Stipulating to residency
and domicile is a common practice in divorce cases.  See Svensen v. Svensen, 629 S.W.2d 97, 97 (Tex. App.--Dallas 1981, no
writ) (divorce case stipulating when and where husband established Texas
residency); see also Creavin v. Moloney, 773 S.W.2d 698, 700 (Tex. App.--Corpus Christi
1989, writ denied) (child custody case accepting stipulation of residency and
citizenship of mother and child in Ireland and father in Texas).  Attorney Garay
stated in open court A[b]oth parties have been domicile
of this state for the preceding six-month period and residents of this county
for the preceding 90 day period.@ 
If this was not within the agreement of the parties, an objection should
have been made at that time.  No such
action was taken by Ms. Prieto=s attorney.  Further, the record indicates that the house
owned by the parties was owned free and clear in El Paso county,
and that Ms. Prieto considers El Paso to be her
home.  Thus, the stipulation appears to
be both reasonable and corroborated.  We
see no error in the trial court=s finding of October 23, 2001:

Somebody
[at the final hearing] said testimony is not going to be necessary because we
have a Rule 11 agreement.  They recited
the Rule 11 agreement, which talks about jurisdiction, where we had a proposed
testimony [by deposition of Mr. Prieto] which was,
the Court was informed it was not necessary because of the agreement.

 

I=m going to find that we had jurisdictional testimony
on that day based on the Rule 11 agreement.  I=m going to enter the decree as of today=s date, but the divorce was granted on the 17th [sic]
of August.  

 

Appellant=s first and fourth points of error are overruled.

The agreement in open court is valid
and binding under Rule 11

Appellant=s second point of error claims the
trial court should not have adopted the parties= agreement without their personal
consent to a binding Rule 11 agreement. 
Similarly, her third point of error urges that her attorney exceeded the
scope of his authority in entering the agreement. We do not agree.

Rule 11 sets out the minimum
requirements for enforcing agreements concerning pending suits.

Unless
otherwise provided in these rules, no agreement between attorneys or parties
touching any suit pending will be enforced unless it be
in writing, signed and filed with the papers as part of the record, or
unless it be made in open court and entered of record.

 








Tex. R. Civ.
P. 11 (emphasis
added).  See also
Kennedy v. Hyde, 682 S.W.2d 525, 528-29 (Tex. 1984).  This rule has been consistent in its
requirements since 1892 when the phrase Aor unless it be made in open court
and entered of record@ was added.  Kennedy,
682 S.W.2d at 526. 
The rule has been used in divorce agreements by the courts.  E.g., Samara v. Samara, 52 S.W.3d 455,
456 (Tex. App.--Houston [1st Dist.] 2001, pet. denied); Chandler v. Chandler,
991 S.W.2d 367, 389 (Tex. App.--El Paso 1999, pet. denied), cert. denied,
529 U.S. 1054, 120 S.Ct. 1557 (2000); Becker v.
Becker, 997 S.W.2d 394, 395 (Tex. App.--Beaumont 1999, no pet.).  The original purpose of the rule was to avoid
the uncertainty and misunderstandings which characterize oral agreements
between counsel regarding the disposition of a
case.  Kennedy, 682 S.W.2d at
526-27 (citing Birdwell v. Cox, 18 Tex. 535, 537 (1857)).  The procedure requires either a writing or an open declaration in court so that a memorialization of the agreement upon which the matter
before the court are disposed are not left to the Afallibility of human recollection.@ 
Id. at 530 (citing Wyss v.
Bookman, 235 S.W. 567, 569 (Tex. Comm=n App. 1921, holding approved)).  The rule also provides judicial efficiency by
sorting through undisputed matters and encouraging amicable settlement
agreements.  Id.








The attorney-client relationship is
one of agent and principal; the acts of the former ordinarily
binds the latter.  Oliver v.
Kroger, 872 F.Supp. 1545, 1549 (N.D. Tex. 1994); Texas Emp.
Ins. Ass=n v. Wermske, 349 S.W.2d 90, 93 (Tex. 1961); American
Home Assur. Co. v.
Rodriguez, 749 S.W.2d 897, 899 (Tex. App.--San
Antonio 1988, no pet.). 
Within these roles, every reasonable presumption is to be indulged in
favor of the attorney duly employed.  Oliver,
872 F.Supp. at 1549 (citing Webb v. Webb, 602 S.W.2d 127, 129
(Tex. App.--Austin 1980, no writ)); Ebner
v. First State Bank of Smithville, 27 S.W.3d 287, 300 (Tex. App.--Austin 2000, pet. denied).  The most important presumption of agency is
that the agent acts in accordance with the wishes of the principal.  However, when the evidence reveals that the
attorney did not have the client=s authority to agree, the agreement
will not be enforced.  Ebner, 27 S.W.3d at 300.  Thus, the presumption of authority of the
attorney is a rebuttable one.








Although appellant=s third point of error raises the
question of whether Mr. Williams exceeded the scope of his authority, it does
not rebut the presumption that his actions were under the direction of Ms. Prieto.  The third point
of error claims that Ms. Prieto did not understand
the agreement that had been presented to the trial court, and that she
repudiated the agreement in her motion for rehearing filed September 20, 2001.[1]  This withdrawal of consent was untimely.  Withdrawal of consent must be made prior
to the rendition of judgment, and when it is withdrawn in a timely manner such
withdrawal must be respected.  Burnaman
v. Heaton, 150 Tex. 333, 338-39, 240 S.W.2d 288, 291 (1951); Becker,
997 S.W.2d at 395; Baccus v. Baccus, 808 S.W.2d 694, 699 (Tex. App.--Beaumont 1991,
no writ).  Judgment was rendered
in open court on August 21, 2001.  Entry
of judgment was made on October 23, 2001. 
Rendition of judgment is distinguishable from the entry of judgment, a
purely ministerial act by which judgment is made of record and preserved.  Becker, 997 S.W.2d
at 395.  A letter from August 17,
2001 provides evidence that Ms. Prieto was intent on
keeping the house and buying out Mr. Prieto=s interest, but is not evidence that
she disclaimed the agreement presented in open court on August 21, 2001.  Rather, it is merely evidence that she wished
to exercise the option that had been reserved for her under the agreement.  This is consistent with what was announced on
that day and the right of first refusal. 
Therefore, we cannot see any evidence of absence of or withdrawal of
consent prior to rendition of judgment that would suggest that Mr. Williams=s presentation of the agreement was beyond the scope of his
authority.








Further, Ms. Prieto=s claim that she misunderstood the
implications of what she had agreed to does not excuse
her from the agreement.  Here, the record
simply shows that Ms. Prieto, through her attorney,
came to an agreement with Mr. Prieto in the divorce
arrangement.  That agreement was entered
on record in accordance with Rule 11.  In
essence, Ms. Prieto was entering a contract for the
dissolution of the marriage.  The general
rule in Texas is that a unilateral mistake is insufficient to set aside a
contract unless the mistake is induced by the acts of the other party.  Oliver, 872 F.Supp. at 1550 (citing Interfirst Bank of Abilene v. Lull Manufacturing,
778 F.2d 228, 232 (5th Cir. 1985); Torchia
v. Aetna Casualty and Surety Co., 804 S.W.2d 219, 224 (Tex. App.--El Paso
1991, writ denied)).  An exception to
this general rule is provided when:  (1)
the mistake is of so great a consequence to make enforcement of the contract
unconscionable; (2) the mistake relates to a material element of the contract;
(3) and the mistake is made regardless of the exercise of ordinary care.  Id. 
These principles also apply to settlement agreements.  There is no indication that Mr. Prieto in any way misled Ms. Prieto
into the agreement.  Ordinary care
dictates that Ms. Prieto and her attorney discuss all
the implications of her decision. 
Without any indication that Mr. Williams acted outside of the scope of
his authority as her attorney, that she was tricked into making the agreement,
that enforcement of the agreement would be unconscionable, or that the mistake
was made despite an exercise of ordinary care, the Court cannot say that the
trial court improperly accepted what was presented in open court as an agreement
when it rendered judgment in this case. 
Points of Error Two and Three are overruled.

Conclusion

The trial court=s judgment is affirmed.

 

SUSAN
LARSEN, Justice

December 27, 2002

 

Before Panel No. 5

Larsen, Chew, JJ., and Preslar, C.J. (Ret.)

Preslar, C.J. (Ret.), sitting by assignment

 

(Do Not Publish)

 











[1]Appellant=s brief claims that this first motion
for rehearing was filed on September 9, 2001, the day prior to Mr. Prieto=s
death.  The clerk=s
stamp on the document reveals the filing date of this document as September 20,
2001.  The Certificate of Service
statement certifies that the document was served on Appellee
on September 21, 2001.