

**NUMBER 13-07-00348-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**LOUIS ALONZO OLIVAREZ,** **Appellant,**

**v.**

**RAELA JOHNSON OLIVAREZ,** **Appellee.**

---

**On appeal from the 343rd District Court
of San Patricio County, Texas**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela**

Raela Johnson Olivarez filed for divorce from Louis Olivarez, claiming insupportability. The trial court entered judgment on terms agreed upon by the couple in open court. Louis appeals, asserting that: (1) he rescinded his open court agreement to

the division of property and conservatorship and his agreement to waive his right to appeal, (2) the trial court erred in granting the divorce on the ground of insupportability, and (3) Raela violated the divorce decree.[1] Raela seeks sanctions for frivolous appeal. We affirm the judgment of the trial court and deny sanctions.

## I. BACKGROUND

Raela and Louis were married in July 1985, and stopped living together in 2001. The couple had two minor children at the time of the divorce. Louis was serving a thirty-five year sentence in the Texas Department of Corrections and appeared at the April 16, 2007 divorce hearing pro se. At the hearing, counsel for Raela announced to the trial court that the parties agreed to a no-fault divorce and joint managing conservatorship of the couple's children. Counsel stated that Raela agreed to be responsible for the children's health insurance costs. After the agreement was discussed in open court, Louis responded by stating that counsel's statement was "pretty well correct."

After additional discussions, the parties entered into an agreement whereby they agreed to a no-fault divorce based upon insupportability. *See* TEX. R. CIV. P. 11. They also agreed to joint managing conservatorship and that Louis would not be required to pay child support unless released from prison before either child reached the age of eighteen. Raela agreed to continue the children's health insurance and be responsible for all of the deductibles. Possession and access would be as agreed by the parties. Raela agreed not to hinder contact between the children and their father. The parties further agreed that Louis would get the 1983 Ford pickup truck, Raela would get the 2000 Impala, and Raela

---

[1]Louis's arguments do not comport exactly with his issues presented. We will attempt to address his arguments as presented in his pro se brief.

would keep all household furniture and personal items in her possession. Louis agreed on the record to the disposition. The only property left to be divided was Raela's retirement account. After discussions off the record the following exchange took place between Raela's attorney, Donna Cox, and Louis:

> Ms. Cox: As to the sole issue of property, the teachers' retirement system account of Raela Johnson Olivarez, that will be awarded one hundred percent to Ms. Olivarez. Ms. Olivarez has additionally agreed that she will provide Mr. Olivarez with an affidavit related to his criminal case and Mr. Olivarez has agreed that he will waive his right to appeal the decision or the agreement in this divorce.
>
> Is that your understanding of the agreement, Mr. Olivarez?
>
> Mr. Olivarez: Yes, as long as we can come up with the agreements that we mentioned.
>
> Ms. Cox: Yes, that will be the decree.

The trial court then granted the divorce on the record and allowed Louis thirty days to file any objections to the written decree.

The proposed decree, incorporating the terms of the agreement, was promptly sent to Louis and set forth the terms of the agreement. He replied, by letter dated May 2, 2007, objecting to the decree. In those objections, he stated that he wanted to retain his right to appeal, in contravention of the parties' prior agreement in which he waived his right to appeal. He also requested that he receive his personal possessions. The decree was amended to reflect that Louis should receive his personal possessions. The final decree was signed by the trial court and included the agreement of the parties to waive the right to appeal.

## II. ANALYSIS

Louis appeals the judgment claiming that the trial court erred in granting the divorce on insupportability grounds, there was no agreement "over the estate" and also claims Raela committed fraud, forgery, embezzlement and theft against him and put him in debt. Raela urges that the Rule 11 agreement, including the waiver of appeal, was enforceable, there was no evidence that the divorce should be granted upon any ground other than insupportability, and finally, that the appeal was frivolous.

At trial, the parties entered into an agreement, the specifics of which are set forth above. *See* TEX. R. CIV. P. 11. In order to be a valid Rule 11 agreement, it must be either made in writing or made in open court and entered of record. *Id*. Agreements made in open court meet the requirement of Rule 11. *See Becker v. Becker*, 997 S.W.2d 394, 395 (Tex. App.–Texarkana 1996, no writ). Compliance with Rule 11 satisfies the requirements of a written agreement required in divorce cases. *See Clanin v. Clanin*, 918 S.W.2d 673, 677 (Tex. App.–Fort Worth 1996, no writ); *see also Langston v. Langston*, No. 09-05-281-CV, 2006 WL 137427, at * 1 (Tex. App.–Beaumont 2006, no pet.) (mem. op.).

Generally, a party cannot appeal from a judgment to which he has consented or agreed absent an allegation and proof of fraud*,* collusion or misrepresentation*. Pillitteri v. Brown,* 165 S.W.3d 715, 718 (Tex. App.–Dallas 2004*,* no pet.); *see Hosey v. First Nat'l Bank*, 595 S.W.2d 629, 630 (Tex. App.–Corpus Christi 1986, writ dism'd w.o.j.) (per curiam). If a party wishes to repudiate an agreement, he or she must do so before the rendition of judgment*. See Giles v. Giles,* 830 S.W.2d 232, 237 (Tex. App.–Fort Worth 1992, no writ). As part of the agreement here, the parties also waived their individual rights

4

to appeal the trial court's judgment. Parties may waive appellate review by agreement. *In re Marriage of Long*, 946 S.W.2d 97, 99 (Tex. App.–Texarkana 1997, no writ).

The record in this case reflects that there was an agreement made in open court between the parties. The record also shows that the decree comported in all respects with the agreement of the parties. Moreover, once a court orally renders judgment on a settlement agreement the parties may not revoke consent to the agreement. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (per curiam). A judgment is rendered when a trial court makes an official announcement orally in open court of its decision upon matters submitted for adjudication. *Id.* In this case, after the parties reached their agreement it was read into the record in open court and the trial judge stated: "All right. Then the divorce is granted. The agreements are approved obviously and we'll like I said give him a 30-day objection letter and see if we can make sure that you're [sic] at least had an opportunity to review it before I sign anything. Okay?"

We believe that the trial court expressed an intent to render judgment based upon the Rule 11 agreement. *See Giles*, 830 S.W.2d at 235-237. The objection period was allowed to insure that the decree comported with the parties' agreement. It was not given so that Louis could attempt to revoke his part of the bargain. Although Louis was representing himself in the trial court pro se, he is held to the same standard as a licensed attorney. *See Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.–El Paso 2007, pet. struck).

We conclude that the parties entered into a valid Rule 11 agreement. Accordingly Louis's issues are overruled. Louis's remaining arguments in his brief, including alleged

indiscretions by Raela with regard to documents Louis claims were in her possession that would have exonerated him in his criminal case and her alleged failure to comply with the trial court's final judgment, are not properly before this Court because they concern factual claims outside the divorce decree which is the appealable judgment.

## III. SANCTIONS

Raela asks the Court to award sanctions for frivolous appeal pursuant to Rule 45 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 45. The decision to grant appellate sanctions is a matter of discretion that the court exercises with prudence and caution and only after careful deliberation. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 282 (Tex. App.–Houston[14th Dist.] 2000, no pet.). Here, we decline to exercise our discretion in favor of sanctions. Raela's request is denied.

## IV. CONCLUSION

The judgment of the trial court is affirmed.


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this 19th day of June, 2008.