

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00164-CV

IN THE INTEREST OF M.N.M., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 81,609-D, Honorable Don R. Emerson, Presiding

September 5, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ben Morales appealed from an order denying him the right to designate the residence of M.N.M. No final judgment has been entered in the underlying cause. Furthermore, on August 7, 2013, this court directed Morales to within ten days show why we have jurisdiction. Morales responded by contending that the oral pronouncement was a final appealable order and that no written judgment had been filed.

Except for a few instances here inapplicable, a final order or judgment is needed to vest this Court with jurisdiction over the cause. Since the district clerk has certified that no final order has been entered, this appeal was and is premature. *Saunders v.*

*Lubbock Cent. Appraisal Dist.*, No. 07-00-0532-CV, 2001 WL 12017, 2001 Tex. App. LEXIS 70 (Tex. App.–Amarillo January 3, 2001, no pet.).

In addition to the lack of a final judgment, we find that the portion of the record cited by Morales in his response fails to satisfy as an oral pronouncement. The portion provided by Morales is set out as follows:

> Mr. Spriggs [counsel for Morales]: Judge, are you -- I have the order. Is it the child support order?
>
> The Court: Yeah.
>
> Mr. Spriggs: I believe the cases were consolidated sometime during the suit.
>
> The Court: Yeah, but all that's been filed is an original -- by you is an original suit.
>
> Mr. Spriggs: Yes, sir.
>
> The Court: Okay. Thanks.
>
> (End of proceedings).

A rendition of judgment is the pronouncement of the trial court of its decision upon the matters submitted to it for adjudication. *Becker v. Becker*, 997 S.W.2d 394, 395 (Tex. App.–Beaumont 1999, no pet.); *Arriaga v. Cavazos*, 880 S.W.2d 830, 833 (Tex. App.–San Antonio 1994, no writ). Judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed with the clerk. *Becker*, 997 S.W.2d at 395; *Arriaga*, 880 S.W.2d at 833. In order to be an official judgment, the trial court's oral pronouncement must indicate an intent to render a full, final, and complete judgment at that point in time. *In re Marriage of Joyner*, 196 S.W.3d 883, 886 (Tex. App.–Texarkana 2006, pet. denied). Here, we do not have any

judgment, orally or written, wherein the trial court pronounced its decision on the issue before it.

Consequently, jurisdiction is non-existent and we dismiss the appeal for want of jurisdiction.

Per Curiam